IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KINSALE INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MMG MANAGEMENT, LLC, | ) Civil Action No.: |
| SHENISHA MOORE, as Parent of | ) |
| D.B., a minor, and BETTY LESTER, | ) |
| as Administrator of the ESTATE OF | ) |
| DEMARIOUS BROWN, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Kinsale Insurance Company ("Kinsale"), by and through counsel, files this Complaint for Declaratory Judgment against Defendants MMG Management, LLC ("MMG"), Shenisha Moore, as parent of D.B., a minor ("Ms. Moore), and Betty Lester, as Administrator of the Estate of Demarious Brown ("Ms. Lester"). In support of this Complaint, Kinsale alleges as follows:

## NATURE OF THE ACTION

1.

This insurance-coverage declaratory action arises out of MMG's claim that Kinsale owes MMG defense and indemnification in connection with an underlying

1

action, styled *Shenisha Moore, as Parent of D.B., minor, and Betty Lester, as administrator of the Estate of Demarious Brown v. Lotus Lake Group, LLC, and MMG Management, LLC*, which is pending in the State Court of Gwinnett County, Georgia, Civil Action File No. 24-C-12140-S5 (the "*Moore* suit"). A true and accurate copy of the operative complaint in the *Moore* suit is attached as **Exhibit A**.

2.

Kinsale seeks a judicial declaration that it has no duty to defend or indemnify MMG in the *Moore* suit under two insurance policies Kinsale issued and under which MMG claims coverage as an additional insured.

3.

Ms. Moore and Ms. Lester are named as Defendants to ensure that the Court can award complete relief among the interested parties.

## THE PARTIES

4.

Kinsale is a corporation formed and existing under the laws of the State of Arkansas, with its principal place of business in Virginia. Kinsale is a surplus lines insurer authorized to provide insurance within the State of Georgia. For the purposes of diversity, Kinsale is a citizen of Arkansas and Virginia.

5.

Defendant MMG is a limited liability company formed and existing under the laws of the State of Georgia, with its principal place of business in Georgia. Defendant MMG has two members, Michael J. Furr and Bryan Brinson. Michael Furr and Bryan Brinson are domiciled in, and therefore are citizens of, Georgia. For the purposes of diversity, MMG is a citizen of Georgia.

6.

Defendant Ms. Moore is domiciled in, and therefore is a citizen of, Georgia.

7.

Defendant Ms. Lester is domiciled in, and therefore is a citizen of, Georgia.

## **JURISDICTION AND VENUE**

8.

This Court has personal jurisdiction over MMG because MMG is a Georgia citizen that transacts business in the State of Georgia and has sufficient contacts with the State of Georgia.

9.

This Court has personal jurisdiction over Ms. Moore because Ms. Moore is a citizen and resident of the State of Georgia.

10.

This Court has personal jurisdiction over Ms. Lester because Ms. Lester is a citizen and resident of the State of Georgia.

11.

This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332, because there is complete diversity of citizenship between the Plaintiff, a citizen of Arkansas and Virginia, and the Defendants, which are citizens of Georgia, and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

12.

Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District and Division and because at least one Defendant resides within this District and Division.

13.

This action is brought pursuant to 28 U.S.C. § 2201. Kinsale seeks declaratory relief about its obligations under the two Kinsale insurance policies at issue. Kinsale is uncertain as to its duties, rights, and obligations, and files this declaratory-judgment action to resolve questions of coverage under those policies, including MMG's rights to defense and indemnification in connection with the *Moore* suit. An

actual case and controversy of a justiciable nature exists between the parties involving those duties, rights, and obligations, if any, under the policies. Thus, Kinsale is entitled to bring this declaratory-judgment action in this Court.

## FACTUAL BACKGROUND
### KINSALE ISSUES LIABILITY INSURANCE POLICIES TO LOTUS

14.

Kinsale issued Policy No. 0100269194-0 to Lotus Lake Group, LLC ("Lotus") for the policy period of November 12, 2023 to November 12, 2024. That policy provides commercial general liability coverage, subject to the terms, conditions, limitations, and exclusions set forth therein (the "Primary Policy"). A true and correct copy of the Primary Policy is attached hereto as **Exhibit B** and is hereby incorporated by reference.

15.

The Primary Policy was delivered to the Insured's agent, Jake Rakestraw, via email to Mr. Rakestraw in Georgia. A true and correct copy of this email is attached hereto as **Exhibit C**.

16.

Kinsale also issued Policy No. 0100255487-0 to Lotus for the policy period of November 12, 2023 to November 12, 2024. That policy provides excess liability

coverage, subject to terms, conditions, limitations, and exclusions set forth therein (the "Excess Policy"). A true and correct copy of the Excess Policy is attached hereto as **Exhibit D** and is hereby incorporated by reference.[1]

## THE SHOOTING AND RESULTING LAWSUIT

17.

Lotus contracted with MMG to manage The Grey Parc of Macon Apartments (the "Property").

18.

On or about July 13, 2024, Demarious Brown was at the Property.

19.

While on the Property, Mr. Brown was tragically shot and killed while inside an apartment. *See* Ex. A. ¶ 23.[2]

20.

On or about December 20, 2024, Ms. Moore (Mr. Brown's mother) and Ms. Lester (the administrator of his estate) filed suit against Lotus and MMG. *See generally* Ex. A.

---

[1] The Primary Policy and Excess Policy are referred to collectively as "the Policies" or the "Kinsale Policies." Exhibits C, D, and E are redacted only in order to protect the confidentiality of the premium paid for the Policies.

[2] The events identified in paragraphs 18 and 19 are referred to here as "the Shooting."

21.

Among other things, the *Moore* suit asserts that Lotus and MMG were negligent and that their negligence caused the death of Brown. *See id.* at ¶¶ 27–55.

22.

The *Moore* suit seeks damages against Lotus and MMG for all "general, punitive, compensatory, incidental, consequential, and all other permissible damages" under Georgia law, including for Mr. Brown's personal injuries, pain and suffering, mental anguish, fright shock, and terror, future lost wages and earning capacity, the full value of the life of Mr. Brown, consequential damages, and punitive damages. *See id.* at ¶ 86.

**KINSALE AGREES TO DEFEND LOTUS AND MMG
UNDER A RESERVATION OF RIGHTS**

23.

Upon information and belief, Lotus and MMG personnel were aware of the Shooting on the day it occurred, July 13, 2024.

24.

Neither Lotus nor MMG informed Kinsale about the shooting until two months later, when Lotus provided notice on or about September 23, 2024.

25.

In response to being notified about the Shooting, Kinsale sent reservation of rights letters to Lotus and to MMG. Kinsale issued the reservation of rights letter to MMG on October 25, 2024. A true and correct copy of this letter is attached hereto as **Exhibit E** and is incorporated herein by reference.

26.

After the *Moore* suit was filed, Kinsale sent a second reservation of rights letter to MMG, dated February 7, 2025. A true and correct copy of that letter is attached hereto as **Exhibit F** and is incorporated herein by reference.

27.

In the October 25, 2024 and February 7, 2025 letters, Kinsale highlighted several provisions in the Policies that could limit or bar coverage for the *Moore* suit but agreed to defend MMG in connection with the *Moore* suit under a complete reservation of rights. *See* Exs. E and F. Both letters expressly reserved the "right to withdraw any defense and deny coverage pursuant to the Policies respective terms, conditions, or exclusions, including pursuant to provisions in the Policies not expressly discussed in" that letter. *Id.*

28.

Kinsale also agreed to defend Lotus under a reservation of rights.

8

29.

By letter dated April 9, 2025, Ms. Moore and Ms. Lester sent a settlement demand (the "Demand") to Lotus demanding $3,000,000—the combined limits of the Primary and Excess Policies—in exchange for a limited liability release of Lotus, the named insured under the Policies. A true and correct copy of the Demand is attached hereto as **Exhibit G** and is incorporated herein by reference.[3]

30.

On May 9, 2025, Kinsale timely accepted the Demand. A true and correct copy of Kinsale's acceptance is attached hereto as **Exhibit H** and is incorporated herein by reference.

31.

Kinsale has agreed to issue payment upon the *Moore* suit Court's approval of the minor settlement.

32.

Upon information and belief, Ms. Moore and Ms. Lester have petitioned the Court in the *Moore* suit to approve the settlement, since a minor is a beneficiary of the settlement. When the settlement agreement is approved, according to the

---

[3] Exhibit G omits the exhibits that were attached to the original copy of the Demand.

Demand, Ms. Moore and Ms. Lester must execute a limited liability release in favor of Lotus.

33.

Kinsale's acceptance of the Demand, its assumption of an obligation to pay the *Moore* suit Plaintiffs the combined per-occurrence limits of the Kinsale Policies, and its tendering of those limits to the Ms. Moore and Ms. Lester, has exhausted the limits of any insurance available to Lotus or MMG in connection with the Shooting and the *Moore* suit under the Kinsale Policies.

34.

The exhaustion of the Policies' applicable limits extinguishes any obligations that Kinsale may otherwise have owed to MMG, including any obligation to defend or indemnify MMG in connection with the Shooting and the *Moore* suit.

35.

MMG disputes Kinsale's contention and asserts that it remains entitled to coverage under the Kinsale Policies following Kinsale's settlement and payment.

## **PRIMARY POLICY TERMS & EXCLUSIONS**

36.

The Primary Policy's Coverage A insuring agreement provides:

> [Kinsale] will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property

damage" to which this insurance applies. [Kinsale] will have the right and duty to defend the insured against any "suit" seeking those damages.

Ex. B, CG 00 01 04 13, p. 1 of 16.

37.

The Primary Policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." Ex. B, CG 00 01 04 13, p. 13 of 16.

38.

The Primary Policy provides that Kinsale's "right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements." Ex. B, CG 00 01 04 13, p. 1 of 16.

39.

The Primary Policy also includes a Duty to Defend Exclusion, which states that "[w]here there is no coverage under this Policy, there is no duty to defend." Ex. B, CAS3043 0621, p. 2 of 3.

## EXCESS POLICY TERMS & EXCLUSIONS

40.

The Insuring Agreement of the Excess Policy provides:

> [Kinsale] will pay on behalf of the Named Insured those sums in excess of the "underlying insurance" that you have become legally obligated to pay as damages because of injury or property damage to which this insurance applies, provided that the damages would be covered by the "underlying insurance(s)", but for the exhaustion of the applicable Limits of Insurance.
>
> The policy shall follow the terms, definitions, conditions and exclusions of the "primary insurance" and of any other "underlying insurance" only to the extent coverage is further limited or restricted by the terms and conditions of such other "underlying insurance"; subject always to the policy period, policy limits, premiums and all other terms, definitions, conditions and exclusions of this policy. If any provisions of the "underlying insurance" conflict with any provisions of this policy, the provisions of this policy will apply.
>
> This policy will not, in any event, provide broader coverage than that provided by the "underlying insurance".
>
> The amount [Kinsale] will pay for damages shall not exceed the Limits of Insurance stated in Item 1 of the Declarations.

Ex. D, CAX0001 0817, p. 1 of 11.

41.

The Excess Policy's Defense, Investigation, Settlement provision provides that Kinsale

> will have no duty to investigate, defend or settle claims brough against you once the Limits of Insurance of this policy as stated in **Item 1** of the Declarations are exhausted, or if claims or suits brought against you are excluded from coverage under this Policy.

Ex. D, CAX0001 0817, p. 2 of 11.

# CAUSES OF ACTION

## COUNT ONE – DECLARATORY JUDGMENT: EXHAUSTION OF THE POLICIES' LIMITS TERMINATES ANY DUTY TO DEFEND OR INDEMNIFY MMG UNDER THE POLICIES

42.

Kinsale repeats and re-alleges paragraphs 1-41 as if fully set forth herein.

43.

Kinsale has exhausted the limits of the Primary Policy and the Excess Policy by settling the underlying claims against Lotus, Kinsale's named insured.

44.

Accordingly, Kinsale owes no duty under the Primary Policy or the Excess Policy to defend or indemnify MMG in connection with the Shooting or the *Moore* suit.

45.

MMG disputes Kinsale's contention and asserts that it remains entitled to coverage under the Kinsale Policies despite exhaustion.

46.

Kinsale is entitled to a declaration that MMG is not entitled to coverage under the Policies in connection with the Shooting or the *Moore* suit.

**WHEREFORE**, Kinsale respectfully requests that the Court:

(1) Declare that the exhaustion of the Primary Policy's and Excess Policy's limits extinguishes any duty to defend or indemnify MMG.

(2) Award Kinsale such other further relief that the Court may deem just and proper.

This 16th day of July, 2025.

| | |
|---|---|
| **FIELDS HOWELL LLP**<br>665 8th Street NW<br>Atlanta, GA 30318<br>(404) 214-1250 (Telephone)<br>bgossett@fieldshowell.com<br>jbauer@fieldshowell.com<br>wkeegan@fieldshowell.com | */s/ James M. Bauer*<br>Brandon R. Gossett<br>Georgia Bar No.: 120424<br>James M. Bauer<br>Georgia Bar No. 460185<br>William J. Keegan<br>Georgia Bar No.: 278159<br><br>*Attorneys for Plaintiff Kinsale Insurance Company* |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KINSALE INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MMG MANAGEMENT, LLC, )<br>SHENISA MOORE, as Parent of D.B., )<br>a minor, and BETTY LESTER, as )<br>Administrator of the ESTATE OF )<br>DEMARIOUS BROWN, )<br>)<br>Defendants. )<br>) | Civil Action No.: |

**RULE 7.1D CERTIFICATE OF TYPE, FORMAT, AND FONT SIZE**

Pursuant to Local Rule 7.1D of the United States District Court for the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court was computer-processed, double-spaced between lines, and prepared with 14-point Times New Roman font.

**FIELDS HOWELL LLP**
665 8th Street, NW
Atlanta, GA 30318
(404) 214-1250 (Telephone)
bgossett@fieldshowell.com
jbauer@fieldshowell.com
wkeegan@fieldshowell.com

/s/ James M. Bauer
Brandon R. Gossett
Georgia Bar No.: 120424
James M. Bauer
Georgia Bar No. 460185
William J. Keegan
Georgia Bar No.: 278159

*Attorneys for Plaintiff Kinsale Insurance Company*