## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

KINSALE INSURANCE COMPANY,

     Plaintiff,

v.

MMG MANAGEMENT, LLC,
SHENISHA MOORE, as Parent of
D.B., a minor, and BETTY LESTER,
As Administrator of the ESTATE OF
DEMARIOUS BROWN

     Defendants.

CIVIL ACTION NO.
1:25-cv-03949-SDG

## ANSWER OF DEFENDANT MMG MANAGEMENT, LLC TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT AND COUNTERCLAIM

COMES NOW Defendant MMG Management, LLC ("MMG" or "Defendant"), and files its Answer to Plaintiff's Complaint for Declaratory Judgment ("Complaint"), and shows the Court as follows:

### FIRST DEFENSE

Defendant asserts that Plaintiff's Complaint fails to state a claim upon which relief can be granted, as the Kinsale Insurance Company ("Kinsale") Policy provides coverage.

### SECOND DEFENSE

This Court should stay the issue of Kinsale's duty to indemnify, as it is

premature. Stay is necessary to prevent this Court from issuing an advisory opinion in violation of 28 U.S.C. § 2201; prevent this Court from having to decide key factual matters at issue in the underlying action before they ripen; preclude the parties from taking positions/asserting defenses inconsistent with those advocated in the underlying action; and promote efficiency and conserve party and judicial resources.

### THIRD DEFENSE

Plaintiff may not disclaim its obligations under the Policy because of certain ambiguities in the Policy drafted by Plaintiff. Such ambiguities must be interpreted under governing law in favor of coverage.

### FOURTH DEFENSE

Plaintiff is barred from relief because, by its actions and/or omissions, it breached the Policy.

### FIFTH DEFENSE

Plaintiff is barred from relief by the doctrines of estoppel, laches, unclean hands, and/or waiver.

### SIXTH DEFENSE

Plaintiff's is barred from relief to the extent it did not timely send a proper reservation of rights notice.

**SEVENTH DEFENSE**

Plaintiff is barred from relief by the doctrine of unjust enrichment, as its acceptance and retention of premiums for the Kinsale Policies would be unjust if Plaintiff refuses to acknowledge and honor its obligations to MMG under the Kinsale Policies.

**EIGHTH DEFENSE**

Defendant reserves the right to plead such other defenses as may become known during the course of investigation and discovery.

**ANSWER**

Responding to the specifically numbered paragraphs of Plaintiff's Complaint, Defendant answers as follows:

1.

This insurance-coverage declaratory action arises out of MMG's claim that Kinsale owes MMG defense and indemnification in connection with an underlying action, styled *Shenisha Moore, as Parent of D.B., minor, and Betty Lester, as administrator of the Estate of Demarious Brown v. Lotus Lake Group, LLC, and MMG Management, LLC,* which is pending in the State Court of Gwinnett County, Georgia, Civil Action File No. 24-C-12140-S5 (the "*Moore* suit"). A true and accurate copy of the operative complaint in the *Moore* suit is attached as **Exhibit A**.

RESPONSE:

MMG admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

Kinsale seeks a judicial declaration that it has no duty to defend or indemnify MMG in the *Moore* suit under two insurance policies Kinsale issued and under which MMG claims coverage as an additional insured.

RESPONSE:

MMG admits that Kinsale seeks the declaration described in Paragraph 2 of Plaintiff's Complaint; MMG denies that Kinsale is entitled to such relief.

3.

Ms. Moore and Mr. Lester are named as Defendants to ensure that the Court can award complete relief among the interested parties.

RESPONSE:

MMG is without sufficient information to formulate a belief as to the truth or falsity of the allegations contained in Paragraph 3 of Plaintiff's Complaint, and therefore denies same.

4.

Kinsale is a corporation formed and existing under the laws of the State of Arkansas, with its principal place of business in Virginia. Kinsale is a surplus lines

insurer authorized to provide insurance within the State of Georgia. For the purposes of diversity, Kinsale is a citizen of Arkansas and Virginia.

RESPONSE:

MMG is without sufficient information to formulate a belief as to the truth or falsity of the allegations contained in Paragraph 4 of Plaintiff's Complaint, and therefore denies same.

5.

Defendant MMG is a limited liability company formed and existing under the laws of the State of Georgia, with its principal place of business in Georgia. Defendant MMG has two members, Michael J. Furr and Bryan Brinson. Michael Furr and Bryan Brinson are domiciled in, and therefore citizens of Georgia. For the purposes of diversity, MMG is a citizen of Georgia.

RESPONSE:

MMG admits that it is a limited liability company formed and existing under the laws of the State of Georgia, with its principal place of business in Georgia. MMG also admits that for the purpose of diversity, MMG is a citizen of Georgia. MMG denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

Defendant Ms. Moore is domiciled in, and therefore is a citizen of, Georgia.

RESPONSE:

MMG is without sufficient information to formulate a belief as to the truth or falsity of the allegations contained in Paragraph 6 of Plaintiff's Complaint, and therefore denies same.

7.

Defendant Ms. Lester is domiciled in, and therefore is a citizen of, Georgia.

RESPONSE:

MMG is without sufficient information to formulate a belief as to the truth or falsity of the allegations contained in Paragraph 7 of Plaintiff's Complaint, and therefore denies same.

8.

This Court has personal jurisdiction over MMG because MMG is a Georgia citizen that transacts business in the State of Georgia and has sufficient contacts with the State of Georgia.

RESPONSE:

MMG admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

This Court has personal jurisdiction over Ms. Moore because Ms. Moore is a citizen and resident of the State of Georgia.

RESPONSE:

MMG is without sufficient information to formulate a belief as to the truth or falsity of the allegations contained in Paragraph 9 of Plaintiff's Complaint, and therefore denies same.

10.

This Court has personal jurisdiction over Ms. Lester because Ms. Lester is a citizen and resident of the State of Georgia.

RESPONSE:

MMG is without sufficient information to formulate a belief as to the truth or falsity of the allegations contained in Paragraph 10 of Plaintiff's Complaint, and therefore denies same.

11.

This Court has subject matter jurisdiction under 28 U.S.C. § 1332, because there is complete diversity of citizenship between the Plaintiff, a citizen of Arkansas and Virginia, and the Defendants, which are citizens of Georgia, and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

RESPONSE:

This paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, MMG is without sufficient information to formulate a belief as to the truth or falsity of the allegations contained in Paragraph

11 of Plaintiff's Complaint, and therefore denies same.

12.

Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District and Division and because at least one Defendant resides within this District and Division.

RESPONSE:

This paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, MMG is without sufficient information to formulate a belief as to the truth or falsity of the allegations contained in Paragraph 12 of Plaintiff's Complaint, and therefore denies same.

13.

This action is brought pursuant to 28 U.S.C. § 2201. Kinsale seeks declaratory relief about its obligations under the two Kinsale insurance policies at issue. Kinsale is uncertain as to its duties, rights, and obligations, and files this declaratory-judgment action to resolve questions of coverage under those policies, including MMG's rights to defense and indemnification in connection with the *Moore* suit. An actual case and controversy of a justiciable nature exists between the parties involving those duties, rights, and obligations, if any, under the policies. Thus, Kinsale is entitled to bring this declaratory-judgment action in this Court.

RESPONSE:

MMG admits that Kinsale filed this action invoking 28 U.S.C. § 2201 and seeks declaratory relief as to Kinsale's obligations owed to MMG with respect to the *Moore* suit and the two Kinsale insurance policies at issue. MMG further admits that MMG has sought coverage under the two Kinsale insurance policies at issue. MMG lacks information sufficient to admit or deny the remaining allegations in Paragraph 13 of Plaintiff's Complaint, except to the extent such allegations form a legal conclusion to which no response is required. To the extent a response is required, MMG denies same.

14.

Kinsale issued Policy No. 0100269194-0 to Lotus Lake Group, LLC ("Lotus") for the policy period of November 12, 2023 to November 12, 2024. That policy provides commercial general liability coverage, subject to the terms, conditions, limitations, and exclusions set forth therein (the "Primary Policy"). A true and correct copy of the Primary Policy is attached hereto as **Exhibit B** and is hereby incorporated by reference.

RESPONSE:

Defendant admits the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

The Primary Policy was delivered to the Insured's agent, Jake Rakestraw, via email to Mr. Rakestraw in Georgia. A true and correct copy of this email is attached hereto as **Exhibit C**.

RESPONSE:

MMG is without sufficient information to formulate a belief as to the truth or falsity of the allegations contained in Paragraph 15 of Plaintiff's Complaint, and therefore denies same.

16.

Kinsale also issued Policy No. 0100255487-0 to Lotus for the policy period of November 12, 2023 to November 12, 2024. That policy provides excess liability coverage, subject to terms, conditions, limitations, and exclusions set forth therein (the "Excess Policy"). A true and correct copy of the Excess Policy is attached hereto as **Exhibit D** and is hereby incorporated by reference.

RESPONSE:

MMG admits the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Lotus contracted with MMG to manage The Grey Parc of Macon Apartments (the "Property").

RESPONSE:

MMG admits the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

On or about July 13, 2024, Demarious Brown was at the Property.

RESPONSE:

MMG admits the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

While on the Property, Mr. Brown was tragically shot and killed while inside an apartment. *See* Ex. A. ¶ 23.

RESPONSE:

MMG admits the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

On or about December 20, 2024, Ms. Moore (Mr. Brown's mother) and Ms. Lester (the administrator of his estate) filed suit against Lotus and MMG. *See generally* Ex. A.

RESPONSE:

MMG admits the allegations contained in Paragraph 20 of Plaintiff's

Complaint.

21.

Among other things, the *Moore* suit asserts that Lotus and MMG were negligent and that their negligence caused the death of Brown. *See id.* at ¶¶ 27-55.

RESPONSE:

MMG admits the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

The *Moore* suit seeks damages against Lotus and MMG for all "general, punitive, compensatory, incidental, consequential, and all other permissible damages" under Georgia law, including for Mr. Brown's personal injuries, pain and suffering, mental anguish fright shock, and terror, future lost wages and earning capacity, the full value of the life of Mr. Brown, consequential damages, and punitive damages. *See id.* at ¶ 86.

RESPONSE:

MMG admits the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Upon information and belief, Lotus and MMG personnel were aware of the Shooting on the day it occurred, July 13, 2024.

RESPONSE:

Defendant admits the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

Neither Lotus nor MMG informed Kinsale about the shooting until two months later, when Lotus provided notice on or about September 23, 2024.

RESPONSE:

MMG admits that Kinsale was notified no later than September 23, 2024. MMG is without sufficient information to formulate a belief as to the truth or falsity of the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint, and therefore denies same.

25.

In response to being notified about the Shooting, Kinsale sent reservation of rights letters to Lotus and to MMG. Kinsale issued the reservation of rights letter to MMG on October 25, 2024. A true and correct copy of this letter is attached hereto as **Exhibit E** and is incorporated herein by reference.

RESPONSE:

MMG admits that Kinsale issued a reservation of rights letter to it, dated October 25, 2024.  MMG is without sufficient information to formulate a belief as to the truth or falsity of the remaining allegations contained in Paragraph 25 of

Plaintiff's Complaint, and therefore denies same.

26.

After the *Moore* suit was filed, Kinsale sent a second reservation of rights letter to MMG, dated February 7, 2025. A true and correct copy of that letter is attached hereto as **Exhibit F** and is incorporated herein by reference.

RESPONSE:

MMG admits the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

In the October 25, 2024 and February 7, 2025 letters, Kinsale highlighted several provisions in the Policies that could limit or bar coverage for the *Moore* suit but agreed to defend MMG in connection with the *Moore* suit under a complete reservation of rights. *See* Exs. E and F. Both letters expressly reserved the "right to withdraw any defense and deny coverage pursuant to the Policies respective terms, conditions, or exclusions, including pursuant to provisions in the Policies not expressly discussed in" that letter. *Id.*

RESPONSE:

MMG states the October 25, 2024 and February 7, 2025 letters, as well as the Primary Policy and the Excess Policy, all speak for themselves and are the best evidence of their contents. To the extent the allegations in this paragraph are

inconsistent with such or otherwise seek to characterize such, MMG denies same.

28.

Kinsale also agreed to defend Lotus under a reservation of rights.

RESPONSE:

MMG is without sufficient information to formulate a belief as to the truth or falsity of the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

By letter dated April 9, 2025, Ms. Moore and Ms. Lester sent a settlement demand (the "Demand") to Lotus demanding $3,000,000 – the combined limits of the Primary and Excess Policies – in exchange for a limited liability release of Lotus, the named insured under the Policies. A true and correct copy of the Demand is attached hereto as **Exhibit G** and is incorporated herein by reference.

RESPONSE:

MMG is without sufficient information to formulate a belief as to the truth or falsity of the allegations contained in Paragraph 29 of Plaintiff's Complaint, and therefore denies same.

30.

On May 9, 2025, Kinsale timely accepted the Demand. A true and correct copy of Kinsale's acceptance is attached hereto as **Exhibit H** and is incorporated herein by reference.

RESPONSE:

MMG is without sufficient information to formulate a belief as to the truth or falsity of the allegations contained in Paragraph 30 of Plaintiff's Complaint, and therefore denies same.

31.

Kinsale has agreed to issue payment upon the *Moore* suit Court's approval of the minor settlement.

RESPONSE:

MMG is without sufficient information to formulate a belief as to the truth or falsity of the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

Upon information and belief, Ms. Moore and Ms. Lester have petitioned the Court in the *Moore* suit to approve the settlement, since a minor is a beneficiary of the settlement. When the settlement agreement is approved, according to the Demand, Ms. Moore and Ms. Lester must execute a limited liability release in favor of Lotus.

RESPONSE:

MMG is without sufficient information to formulate a belief as to the truth or falsity of the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

Kinsale's acceptance of the Demand, its assumption of an obligation to pay the *Moore* suit Plaintiffs the combined per-occurrence limits of the Kinsale Policies, and its tendering of those limits to the Ms. Moore and Ms. Lester, has exhausted the limits of any insurance available to Lotus or MMG in connection with the Shooting and the *Moore* suit under the Kinsale Policies.

RESPONSE:

Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.

The exhaustion of the Policies' applicable limits extinguishes any obligations that Kinsale may otherwise have owed to MMG, including any obligation to defend or indemnify MMG in connection with the Shooting and the *Moore* suit.

RESPONSE:

Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.

MMG disputes Kinsale's contention and asserts that it remains entitled to coverage under the Kinsale Policies following Kinsale's settlement and payment.

RESPONSE:

Defendant admits the allegations contained in Paragraph 35 of Plaintiff's

Complaint.

36.

The Primary Policy's Coverage A insuring agreement provides:

[Kinsale] will pay those sums that the insured becomes legally
obligated to pay as damages because of "bodily injury" or "property
damage" to which this insurance applies. [Kinsale] will have the right
and duty to defend the insured against any "suit" seeking those
damages.

Ex. B, CG 00 01 04 13, p. 1 of 16.

RESPONSE:

MMG states the Primary Policy speaks for itself and is the best evidence of

its contents.  To the extent the allegations in this paragraph are inconsistent with the

Primary Policy or otherwise seek to characterize it, MMG denies same.

37.

The Primary Policy defines "bodily injury" as "bodily injury, sickness or

disease sustained by a person, including death resulting from any of these at any

time." Ex. B, CG 00 01 04 13, P. 13 of 16.

RESPONSE:

MMG states the Primary Policy speaks for itself and is the best evidence of

its contents.  To the extent the allegations in this paragraph are inconsistent with the

Primary Policy or otherwise seek to characterize it, MMG denies same.

38.

The Primary Policy provides that Kinsale's "right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements." Ex. B, CG 00 01 04 13, p. 1 of 16

RESPONSE:

MMG states the Primary Policy speaks for itself and is the best evidence of its contents. To the extent the allegations in this paragraph are inconsistent with the Primary Policy or otherwise seek to characterize it, MMG denies same.

39.

The Primary Policy also include a Duty to Defend Exclusion which states that "[w]here there is no coverage under this Policy, there is no duty to defend." Ex. B, CAS3043 0621, p. 2 of 3.

RESPONSE:

MMG states the Primary Policy speaks for itself and is the best evidence of its contents. To the extent the allegations in this paragraph are inconsistent with the Primary Policy or otherwise seek to characterize it, MMG denies same.

40.

The Insuring Agreement of the Excess Policy provides:

[Kinsale] will pay on behalf of the Named Insured those sums in excess of the "underlying insurance" that you have become legally obligated to pay as damages because of injury or property damage to which this insurance applies, provided that the damages would be covered by the "underlying insurance(s)", but for the exhaustion of the applicable Limits of Insurance.

> The policy shall follow the terms, definitions, conditions and exclusions of the "primary insurance" and of any other "underlying insurance" only to the extent coverage is further limited or restricted by the terms and conditions of such other "underlying insurance"; subject always to the policy period, policy limits, premiums and all other terms, definitions, conditions and exclusions of this policy. If any provisions of the "underlying insurance" conflict with any provisions of this policy, the provisions of this policy will apply. This policy will not, in any event, provide broader coverage than that provided by the "underlying insurance". The amount [Kinsale] will pay for damages shall not exceed the Limits of Insurance stated in Item 1 of the Declarations.

Ex. D, CAX0001 0817, p. 1 of 11.

RESPONSE:

MMG states the Excess Policy speaks for itself and is the best evidence of its

contents.  To the extent the allegations in this paragraph are inconsistent with the

Excess Policy or otherwise seek to characterize it, MMG denies same.

41.

The Excess Policy's Defense, Investigation, Settlement provision provides

that Kinsale

> will have no duty to investigate, defend or settle claims brough (sic) against you once the Limits of Insurance of this policy as stated in **Item 1** of the Declarations are exhausted, or if claims or suits brought against you are excluded from coverage under this Policy.

Ex. D, CAX0001 0817, p. 2 of 11.

RESPONSE:

MMG states the Excess Policy speaks for itself and is the best evidence of its

contents.  To the extent the allegations in this paragraph are inconsistent with the Excess Policy or otherwise seek to characterize it, MMG denies same.

42.

Kinsale repeats and re-alleges paragraphs 1-41 as if fully set forth herein.

RESPONSE:

To the extent that Paragraph 42 of Plaintiff's Complaint requires a response, Defendant incorporates by reference and restates as if in full its responses made in the above Paragraphs and all Affirmative Defenses.

43.

Kinsale has exhausted the limits of the Primary Policy and the Excess Policy by settling the underlying claims against Lotus, Kinsale's named insured.

RESPONSE:

MMG denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.

Accordingly, Kinsale owes no duty under the Primary Policy or the Excess Policy to defend or indemnify MMG in connection with the Shooting or the *Moore* suit.

RESPONSE:

MMG denies the allegations contained in Paragraph 44 of Plaintiff's

Complaint.

45.

MMG disputes Kinsale's contention and asserts that it remains entitled to coverage under the Kinsale Policies despite exhaustion.

RESPONSE:

MMG admits the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.

Kinsale is entitled to a declaration that MMG is not entitled to coverage under the Policies in connection with the Shooting or the *Moore* suit.

RESPONSE:

MMG denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

MMG denies any and all allegations contained in Plaintiff's Complaint which have not been expressly admitted or denied herein.

MMG denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE paragraph contained in Plaintiff's Complaint.

Any allegation not expressly admitted is hereby denied.

## <u>COUNTERCLAIM FOR DECLARATORY RELIEF</u>

MMG counter-sues Kinsale for declaratory relief and, in support, alleges as follows:

### <u>Nature of the Action</u>

1.

This is an action for declaratory relief against Kinsale related to insurance claims arising from an underlying lawsuit currently pending in Gwinnett County, Georgia styled *Shenisha Moore, as Parent of D.B., Minor, and Betty Lester, as Administrator of the Estate of Demarious Brown*, Case No. 24-C-12140-S5 (the "Underlying Lawsuit"). In the Underlying Lawsuit, family members of Demarious Brown (deceased) seek damages against MMG for negligence, which they allege caused the tragic death of Demarious Brown in a shooting incident on or about the morning of July 13, 2024.

### <u>Parties, Jurisdiction, and Venue</u>

2.

MMG is a Georgia Limited Liability Company which has its principal office located in Forsyth County.

3.

Kinsale is an Arkansas corporation which has its principal place of business in Virginia. Kinsale is authorized to provide insurance within the State of Georgia.

4.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because MMG and Kinsale are citizens of different states, and the amount in controversy, exclusive of interest and cost, exceeds the sum or value of $75,000.00.

5.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b)(2) because MMG Management, LLC resides, for venue purposes, in Forsyth County, Georgia.

**<u>The Policy</u>**

6.

Kinsale insured MMG as an additional insured under a commercial liability policy (the "Policy")[1] issued to Lotus Lake Group, LLC, Policy No. 0100269194-0. (Doc. 1-1)

7.

The Policy has stated liability limits of $1,000,000.00 each occurrence and $2,000,000.00 in the aggregate.

8.

The Policy promises to "pay those sums" MMG becomes "legally obligated

---

[1] MMG expects a complete, certified copy of the Policy to be produced during discovery in this litigation.

to pay as damages because of 'bodily injury'" to which this insurance applies.

9.

The Policy also promises to defend MMG against a suit seeking those damages.

**The Excess Policy**

10.

Kinsale also insured MMG as an additional insured under a commercial excess liability policy (the "Excess Policy")[2] issued to Lotus Lake Group, LLC, Policy No. 0100255487-0. (Doc 1-1) (The Policy and the Excess Policy collectively described hereafter as the "Kinsale Policies".)

11.

The Excess Policy has stated liability limits of $2,000,000 each occurrence and $2,000,000 annual aggregate.

12.

The Excess Policy promises to pay "those sums in excess of the 'underlying insurance' that you become legally obligated to pay as damages because of injury…."

13.

---

[2] MMG expects a complete, certified copy of the Excess Policy to be produced during discovery in this litigation.

The Excess Policy also promises to defend MMG "[w]hen the Limit of Insurance of the 'underlying insurance' are exhausted by payments of judgments, settlements, and any costs… to which this insurance applies."

## **The Underlying Lawsuit**

### 14.

On or about December 20, 2024, Shenisha Moore and Betty Lester commenced the Underlying Lawsuit against Lotus Lake Group, LLC ("Lotus") and MMG Management, LLC. (Doc. 1-1)

### 15.

As to MMG, the Underlying Lawsuit alleges MMG was negligent with respect to security, maintaining a nuisance, hiring, training, entrustment, supervision, and retention, and thereby created the conditions that allowed the incident wherein Demarious Brown was fatally shot.

### 16.

The Plaintiffs in the Underlying Lawsuit seek an award of damages for the personal injuries of Demarious Brown, pain and suffering, mental anguish, fright, shock, and terror, future lost wages and earning capacity, the full value of the life of Mr. Brown, consequential damages to be proven at trial, and punitive damages.

### 17.

MMG and Lotus both tendered the Underlying Lawsuit to Kinsale under the

Kinsale Policies, seeking defense and indemnity.

18.

Kinsale agreed to defend Lotus and MMG subject to purported reservation of rights.

19.

Kinsale then entered into a settlement with Plaintiffs in the Underlying Lawsuit on behalf of only Lotus and which specifically excluded MMG from the ensuing release.

20.

Kinsale then sued MMG, claiming that the Policy had been exhausted and provided no coverage for the Underlying Lawsuit.

21.

Kinsale's position is in contradiction to its obligations under the Kinsale Policies.

**<u>General Allegations</u>**

22.

Kinsale was paid all premiums and all conditions precedent to recovery under the Kinsale Policies are satisfied.

23.

MMG has retained O'Daniel McDonald, LLC and the undersigned attorney(s)

to represent it and has agreed to pay a reasonable fee for services rendered.

24.

All other conditions precedent to this action have been performed, occurred, or have otherwise been waived.

## **COUNT I**

**Declaratory Judgment as to Kinsale's Obligations Under the Kinsale Policies**

25.

MMG repeats and realleges the allegations set forth in Paragraphs 1 through 20 as if fully restated herein.

26.

This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et. seq.

27.

MMG made a claim for coverage under the Kinsale Policies in relation to the Underlying Lawsuit.

24.

Kinsale believes it has no duty to defend or indemnify MMG, for the reasons it alleged in Kinsale's Complaint for Declaratory Judgment.

25.

MMG believes the Kinsale Policies obligate Kinsale to defend and indemnify

it in connection with the Underlying Lawsuit, without reservation.

26.

MMG believes coverage was purchased for claims of the type set forth in the Underlying Lawsuit and that no exclusions or limitations in the Kinsale Policies apply.

27.

An actual and justiciable controversy appropriate for declaratory relief therefore exists between MMG and Kinsale.

WHEREFORE, MMG demands judgment against Kinsale declaring the rights of the parties as follows:

a.  Kinsale is obligated to fully defend and indemnify[3] MMG under the Kinsale Policies in relation to the Underlying Lawsuit without reservation; and

b.  MMG is entitled to damages in an amount to be proven at trial, the costs of this action, pre- and post-judgment interest, attorneys' fees, and any other relief this Court deems just and Proper.

## **JURY DEMAND**

MMG demands a trial by jury on all issues so triable as a matter of right.

---

[3] As to indemnity, upon resolution of the Underlying Lawsuit.

Respectfully submitted this 22nd day of August, 2025.

                                   O'DANIEL McDONALD, LLC

                                   /s/ Graham E. McDonald
                                   Graham E. McDonald
                                   Georgia Bar No. 843090
                                   Wesley A. Taylor
                                   Georgia Bar No. 459004
                                   9040 Roswell Road, Suite 500
                                   Atlanta, GA 30350-3939
                                   (404) 419-6300
                                   (404) 419-6301 fax
                                   gmcdonald@odmclaw.com
                                   wtaylor@odmclaw.com

                                   *Attorneys for MMG Management, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney does hereby certify that a true and correct copy of the **ANSWER OF DEFENDANT MMG MANAGEMENT, LLC TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT AND COUNTERCLAIM** was duly served upon the following attorneys of record by the Court's CM/ECF filing system:

James M. Bauer
Fields Howell LLP
665 8th Street NW
Atlanta, GA 30318
*Attorney for Kinsale Insurance Company*

Ethan D. Kim
W. Calvin Smith, II, P.C.
3560 Lenox Rd. NE Suite 3020
Atlanta, GA 30326
*Attorney for Betty Lester*

Brian C. Mickelsen
Mickelsen Dalton, LLC
25 Society St
Charleston, SC 29401

This the 22nd day of August, 2025.


/s/ Graham E. McDonald
Graham E. McDonald


O'Daniel McDonald, LLC
9040 Roswell Road, Suite 500
Atlanta, Georgia 30350
(404) 419-6300