IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KINSALE INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MMG MANAGEMENT, LLC, ) <br> SHENISHA MOORE, as Parent of D.B., a ) <br> minor, and BETTY LESTER, as ) <br> Administrator of the ESTATE OF ) <br> DEMARIOUS BROWN, ) <br> ) <br> Defendants. ) | Civil Action No. <br> 1:25-cv-03949-SDG |

**KINSALE INSURANCE COMPANY'S ANSWER TO
MMG MANAGEMENT, LLC'S COUNTERCLAIM**

COMES NOW Plaintiff and Counterclaim-Defendant Kinsale Insurance Company, by and through counsel, and files its answer to MMG Management LLC's ("MMG") Counterclaim.

**FIRST DEFENSE**

Responding to the specifically numbered paragraphs of MMG's Counterclaim, Kinsale answers as follows:

1.

Kinsale admits that MMG's Counterclaim seeks declaratory relief against Kinsale arising from MMG's claim for insurance coverage from Kinsale arising out

1

of the lawsuit identified in paragraph one of the Counterclaim. Kinsale also admits that the plaintiffs in the underlying lawsuit, currently pending in Gwinnett County, Georgia styled *Shenisha Moore, as Parent of D.B., Minor, and Betty Lester, as Administrator of the Estate of Demarious Brown*, Case No. 24-C-12140-S5 (the "*Moore* suit"), allege that a shooting incident caused the death of Mr. Demarious Brown on or around July 13, 2024. The remaining allegations of paragraph 1 are denied as pleaded.

2.

Kinsale admits that MMG is a Georgia limited liability company. Kinsale lacks sufficient information to form a belief about the truth of the remaining allegations contained in paragraph 2.

3.

Kinsale admits that it is an Arkansas corporation with its principal place of business in Virginia. As to the remaining allegations in paragraph 3, Kinsale states that it is a surplus lines insurer in the State of Georgia and, therefore, denies the remaining allegations in paragraph 3 that are not admitted herein.

4.

Admitted.

5.

Kinsale admits that venue is proper in this Court. Kinsale lacks sufficient information to form a belief about the truth of the remaining allegations contained in paragraph 5 as pleaded.

**The Policy**

6.

Kinsale admits only that the terms, conditions, limitations, and exclusions in Policy No. 0100269194-0, issued by Kinsale to Lotus Lake Group, LLC for the policy period of November 12, 2023, to November 12, 2024 (the "Primary Policy"), speak for themselves. Kinsale further admits that MMG contends that it is an additional insured under the Primary Policy. Kinsale denies any allegations in paragraph 6 that are inconsistent with the terms, conditions, limitations, and exclusions in the Primary Policy. Kinsale also denies knowledge or information sufficient to form a belief about what MMG "expects." Accordingly, that allegation stands denied.

7.

Kinsale admits only that the terms, conditions, limitations, and exclusions in the Primary Policy speak for themselves. Kinsale denies any allegations in paragraph 7 that are inconsistent with the terms, conditions, limitations, and exclusions in the Primary Policy.

8.

Kinsale admits only that the terms, conditions, limitations, and exclusions in the Primary Policy speak for themselves. Kinsale denies any allegations in paragraph 8 that are inconsistent with the terms, conditions, limitations, and exclusions in the Primary Policy.

9.

Kinsale admits only that the terms, conditions, limitations, and exclusions in the Primary Policy speak for themselves. Kinsale denies any allegations in paragraph 9 that are inconsistent with the terms, conditions, limitations, and exclusions in the Primary Policy.

**The Excess Policy**

10.

Kinsale admits only that the terms, conditions, limitations, and exclusions in Policy No. 0100255487-0, issued by Kinsale to Lotus Lake Group, LLC for the

policy period of November 12, 2023, to November 12, 2024 (the "Excess Policy"), speak for themselves. Kinsale further admits that MMG contends that it is an additional insured under the Excess Policy. Kinsale denies any allegations in paragraph 10 that are inconsistent with the terms, conditions, limitations, and exclusions in the Excess Policy. Kinsale also denies knowledge or information sufficient to form a belief about what MMG "expects." Accordingly, that allegation stands denied.

11.

Kinsale admits only that the terms, conditions, limitations, and exclusions in the Excess Policy speak for themselves. Kinsale denies any allegations in paragraph 11 that are inconsistent with the terms, conditions, limitations, and exclusions in the Excess Policy.

12.

Kinsale admits only that the terms, conditions, limitations, and exclusions in the Excess Policy speak for themselves. Kinsale denies any allegations in paragraph 12 that are inconsistent with the terms, conditions, limitations, and exclusions in the Excess Policy.

13.

Kinsale admits only that the terms, conditions, limitations, and exclusions in

the Excess Policy speak for themselves. Kinsale denies any allegations in paragraph 13 that are inconsistent with the terms, conditions, limitations, and exclusions in the Excess Policy.

## The Underlying Lawsuit

14.

Admitted.

15.

Kinsale admits only that the allegations of the *Moore* suit speak for themselves. Kinsale denies any allegations in paragraph 15 that are inconsistent with the *Moore* suit's allegations.

16.

Kinsale admits only that the allegations and damages claims of the *Moore* suit speak for themselves. Kinsale denies any allegations in paragraph 16 that are inconsistent with the *Moore* suit's allegations and damages claims.

17.

Kinsale admits that MMG and Lotus Lake sought coverage from Kinsale in connection with the *Moore* suit. Kinsale denies knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 17. Accordingly, those allegations stand denied.

18.

Kinsale admits that it issued letters agreeing to defend both Lotus Lake Group LLC ("Lotus Lake") and MMG in connection with the *Moore* suit under separate reservations of rights. All other allegations in paragraph 18 are denied as pleaded.

19.

Kinsale admits that it received a settlement demand letter dated April 9, 2025, from Ms. Moore and Ms. Lester and directed to Lotus Lake and that that demand sought $3,000,000—the combined limits of the Kinsale Primary and Excess Policies—in exchange for a limited liability release of Lotus Lake. Kinsale further admits that it accepted that demand. Kinsale also admits that the terms of the release between Kinsale and the *Moore* suit plaintiffs speak for themselves; Kinsale denies any allegations in paragraph 19 that are inconsistent with that release. Kinsale denies any other allegations in paragraph 19 as pleaded.

20.

Kinsale admits that it filed this declaratory judgment action and that the allegations in Kinsale's July 16, 2025, complaint in this action speak for themselves. Kinsale denies any allegations in paragraph 20 that are inconsistent with Kinsale's complaint.

7

21.

Denied.

## General Allegations

22.

Kinsale denies knowledge or information sufficient to form a belief about the truth of the allegation that Kinsale was "paid all premiums," since paragraph 22 does not specify what those premiums would be paid in connection with. Accordingly, that allegation stands denied. Kinsale also denies that all "conditions precedent to recovery under the Kinsale Policies" are satisfied.

23.

Kinsale denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23. Accordingly, those allegations stand denied.

24.

Kinsale denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 concerning what "other conditions precedent to this action" MMG contends "have been performed, occurred," or have been "waived." Kinsale admits that any conditions precedent to its complaint in this action were satisfied. However, to the extent that the allegations in paragraph 24 specifically relate to the Counterclaim, Kinsale denies those allegations as pleaded.

## COUNT I

25.

Kinsale repeats and realleges its responses, including all affirmative defenses, to MMG's allegations as set forth in Paragraphs 1 through 24, as if fully restated here.

26.

Admitted.

27.

Kinsale admits that MMG sought coverage from Kinsale in connection with the *Moore* suit. Kinsale denies knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 27. Accordingly, those allegations stand denied

28. [24]

Kinsale admits only that the allegations of its July 16, 2025 complaint in this suit speak for themselves. Kinsale denies any allegations in paragraph 28 (improperly numbered as paragraph 24) of the Counterclaim that mischaracterize or misconstrue the allegations in Kinsale's complaint.

29. [25]

Kinsale denies knowledge or information sufficient to form a belief about the

truth of what MMG "believes." Accordingly, the allegations in paragraph 28 (improperly numbered as paragraph 25) of the Counterclaim stand denied.

30. [26]

Kinsale denies knowledge or information sufficient to form a belief about the truth of what MMG "believes." Accordingly, the allegations in paragraph 20 (improperly numbered as paragraph 26) of the Counterclaim stand denied.

31. [27]

Kinsale admits the allegations in paragraph 31 (improperly numbered as paragraph 27). By way of further response, Kinsale denies that MMG is entitled to any of the relief that MMG requests in the Wherefore clause of the Counterclaim.

## SECOND DEFENSE

Kinsale denies any allegations and requests for relief set forth in the Counterclaim that are not specifically responded to in the First Defense.

## THIRD DEFENSE

Kinsale's obligations to MMG in connection with the *Moore* suit are limited by the terms, limits, exclusions, and conditions of the Kinsale Primary and Excess Policies as well as applicable law.

## FOURTH DEFENSE

There is no coverage for MMG under the Kinsale Policies in connection with

the *Moore* suit as a result of the Kinsale Policies' assault and battery exclusions. The Primary Policy provides:

> This insurance does not apply to any claim or "suit" for "bodily injury [ ] arising out of, related to, or in any way involving any actual or alleged assault, battery, harmful or offensive contact, or threat, whether provoked or unprovoked. This exclusion includes but is not limited to:
>
> 1. The prevention or suppression, or the failure to suppress or prevent any assault, battery, harmful or offensive contract, or threat;
>
> 2. The failure to provide an environment safe from any assault, battery, harmful or offensive contact, or threat, or the failure to warn of the dangers of the environment that could contribute to any assault, battery, harmful or offensive contact, or threat;
>
> 3. The selling, servicing or furnishing of alcoholic beverages resulting in any assault, battery, harmful or offensive contact, or threat;
>
> 4. Injury or damage committed while using reasonable force to protect persons or property or acting in self-defense;
>
> 5. The reporting or failing to report to the proper authorities;
>
> 6. Conducting or failing to conduct an investigation of any assault, battery, harmful or offensive contact, or threat;
>
> 7. Providing or failing to provide first aid or medical treatment, or otherwise handling or responding after there has been an assault, battery, harmful or offensive contact, or threat;
>
> 8. Any assault, battery, harmful or offensive contact, or threat whether caused by, or at the instigation, instruction, direction or due to the negligence of the insured, the insured's employees, agents, patrons, customers or any other person arising from any causes whatsoever; or
>
> 9. The negligent hiring, employment, training, supervision,

> or retention of any employee or agent of any insured with respect to items 1. through 8. above.
>
> This exclusion applies regardless of fault or intent and regardless of the particular cause of action.
>
> This exclusion applies to any claim or 'suit' regardless of whether assault, battery, harmful or offensive contact, or threat is the initial precipitating cause or is in any way a cause, and regardless of whether any other actual or alleged cause contributed concurrently, proximately, or in any sequence, including whether any actual or alleged 'bodily injury' [ ] arises out of a chain of events that includes any assault, battery, harmful or offensive conduct . . . .

Primary Policy, CAS3002 1016. For its part, the Excess Policy provides:

> This insurance does not apply to any claim or suit for bodily injury or property damage, or any other injury or damage, arising out of, related to, or in any way involving any actual or alleged assault, battery, abuse, or molestation. Assault, battery, abuse, or molestation includes, but is not limited to, any conduct, physical act, gesture, sexual contact (whether or not consensual), sexual molestation, sexual or physical assault or battery, sexual abuse, sexual harassment or exploitation, harmful, unwanted or offensive contact, or spoken or written words of a sexual or physically violent nature, whether provoked or unprovoked.
>
> This exclusion includes but is not limited to:
>
> > a. The prevention or suppression of, or the failure to suppress or prevent any assault, battery, abuse, or molestation;
> >
> > b. The failure to provide an environment safe from any assault, battery, abuse, or molestation, or the failure to warn of the dangers of the environment that could contribute to any assault, battery, abuse, or molestation;
> >
> > c. The selling, servicing or furnishing of alcoholic beverages resulting in any assault, battery, abuse, or molestation;
> >
> > d. The reporting or failing to report to the proper authorities;

12

   e. Conducting or failing to conduct an investigation of any assault, battery, abuse, or molestation;

   f. Injury or damage committed while using reasonable force to protect persons or property or acting in self-defense;

   g. Providing or failing to provide first aid or medical treatment, or otherwise handling or responding after there has been any assault, battery, abuse, or molestation;

   h. Any assault, battery, abuse, or molestation, whether caused by, or at the instigation, instruction, direction, or due to the negligence of the insured, the insured's employees, agents, patrons, customers, or any other person arising from any causes whatsoever; or

   i. The negligent hiring, employment, training, supervision, or retention of any employee or agent of any insured with respect to items a. through h. above.

This exclusion applies regardless of fault or intent and regardless of the particular cause of action.

This exclusion applies to any claim or suit regardless of whether assault, battery, abuse, or molestation is the initial precipitating cause or is in any way a cause, and regardless of whether any other actual or alleged cause contributed concurrently, proximately, or in any sequence, including whether any actual or alleged bodily injury or property damage, or any other injury or damage, arises out of a chain of events that includes any assault, battery, abuse, or molestation.

Excess Policy, CAX3178 0322.

## **FIFTH DEFENSE**

There is no coverage for MMG under the Excess Policy in connection with the *Moore* suit as a result of the Excess Policy's firearms exclusion, which provides in relevant part:

This insurance does not apply to any claim or suit arising directly or indirectly out of, related to, or in any way involving the use of any firearm.

This exclusion applies to any claim or suit regardless of whether the use of a firearm is the initial precipitating cause or is in any way a cause of bodily injury, property damage, personal and advertising injury or any other injury or damage and regardless of whether any other actual or alleged cause contributed concurrently, proximately, or in any sequence, including whether any actual or alleged bodily injury, property damage, personal and advertising injury or other injury or damage, arises out of a chain of events that involves or includes the use of a firearm at any point.

This exclusion applies regardless of intent and regardless of the particular cause of action asserted including, but not limited to, negligence or other wrongdoing in:

1. The prevention or suppression, or failure to prevent or suppress, any such act or incident;

*\*\**

2. Reporting or failure to report to the proper authorities any act or incident involving the use of a firearm;

*\*\**

3. Providing or failing to provide first aid or medical treatment for any injury arising out of the use of a firearm.

Excess Policy, CAX3162 1121, p. 1 of 1.

### SIXTH DEFENSE

Kinsale owes no further coverage obligations to MMG under the Kinsale Policies because Kinsale used up the Primary and Excess Policies' applicable limits of insurance when Kinsale agreed to pay, and pays, the combined, applicable,

14

$3,000,000 limits of the Kinsale Policies in order to settle the *Moore* suit plaintiffs' claims against Kinsale's named insured, Lotus Lake. By exhausting the Policies' limits, Kinsale owes no further coverage obligations to MMG. Demonstrating this, the Primary Policy provides:

> [Kinsale's] right and duty to defend ends when [Kinsale] have used up the applicable limit of insurance in the payment of judgments or settlements.

Primary Policy, CG 00 01 04 13, p. 1 of 16. Furthermore, the Excess Policy provides:

> [Kinsale] will have no duty to investigate, defend, or settle claims brought against you once the Limits of Insurance of this Policy as stated in Item 1 of the Declarations are exhausted, or if the claims or suits brought against you are excluded from coverage under the Policy.

Excess Policy, CAX0001 0817, p. 2 of 11.

## SEVENTH DEFENSE

There is no coverage for MMG under the Excess Policy for the Moore suit's claim for punitive damages. That policy's punitive damages exclusion provides, in part:

> This insurance does not apply to any claim or suit for any punitive or exemplary damages, fines or penalties arising out of injury or damage.

Excess Policy, CAX3045 0110.

## EIGHTH DEFENSE

MMG is not entitled to recover from Kinsale any attorneys' fees, litigation

15

costs, and any pre- or post-judgment interest.

***

WHEREFORE, Kinsale respectfully requests that the Court:

(1) Reject the declaration sought by MMG in the Counterclaim;

(2) Declare that the exhaustion of the Primary Policy's and Excess Policy's limits extinguishes any duty to defend or indemnify MMG;

(3) Declare that there is no coverage under the Kinsale Policies for the claims asserted against MMG in the *Moore* suit; and

(4) Award Kinsale such other further relief that the Court may deem just and proper.

Respectfully submitted this 12th day of September

**FIELDS HOWELL LLP**
665 8th Street, NW
Atlanta, GA 30318
(404) 214-1250 (Telephone)
bgossett@fieldshowell.com
Jbauer@fieldshowell.com
wkeegan@fieldshowell.com

/s/ Brandon R. Gossett
Brandon R. Gossett
Georgia Bar No. 120424
James M. Bauer
Georgia Bar No. 460185
William J. Keegan
Georgia Bar No.: 278159
*Attorneys for Plaintiff Kinsale Insurance Company*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KINSALE INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MMG MANAGEMENT, LLC, ) <br> SHENISHA MOORE, as Parent of D.B., a ) <br> minor, and BETTY LESTER, as ) <br> Administrator of the ESTATE OF ) <br> DEMARIOUS BROWN, ) <br> ) <br> Defendants. ) | Civil Action No. <br> 1:25-cv-03949-SDG |

## RULE 7.1D CERTIFICATE OF TYPE, FORMAT, AND FONT SIZE

Pursuant to Local Rule 7.1D of the United States District Court for the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court was computer-processed, double-spaced between lines, and prepared with 14-point Times New Roman font.

**FIELDS HOWELL LLP**
665 8th Street, NW
Atlanta, GA 30318
(404) 214-1250 (Telephone)
bgossett@fieldshowell.com
Jbauer@fieldshowell.com
wkeegan@fieldshowell.com

*/s/ Brandon R. Gossett*
Brandon R. Gossett
Georgia Bar No. 120424
James M. Bauer
Georgia Bar No. 460185
William J. Keegan
Georgia Bar No.: 278159
*Attorneys for Plaintiff Kinsale Insurance Company*

17

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| KINSALE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MMG MANAGEMENT, LLC, | ) | Civil Action No. |
| SHENISHA MOORE, as Parent of D.B., a | ) | 1:25-cv-03949-SDG |
| minor, and BETTY LESTER, as | ) | |
| Administrator of the ESTATE OF | ) | |
| DEMARIOUS BROWN, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I certify that I have this day served a copy of the foregoing KINSALE INSURANCE COMPANY'S ANSWER TO MMG MANAGEMENT, LLC'S COUNTERCLAIM using the CM/ECF system, which will automatically notify all counsel of record for the party(ies) that have appeared."

**FIELDS HOWELL LLP**
665 8th Street, NW
Atlanta, GA 30318
(404) 214-1250 (Telephone)
bgossett@fieldshowell.com
Jbauer@fieldshowell.com
wkeegan@fieldshowell.com

*/s/ Brandon R. Gossett*
Brandon R. Gossett
Georgia Bar No. 120424
James M. Bauer
Georgia Bar No. 460185
William J. Keegan
Georgia Bar No.: 278159
*Attorneys for Plaintiff Kinsale Insurance Company*