## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

KINSALE INSURANCE COMPANY,

     Plaintiff,

v.

MMG MANAGEMENT, LLC,
SHENISHA MOORE, as Parent of
D.B., a minor, and BETTY LESTER,
As Administrator of the ESTATE OF
DEMARIOUS BROWN

     Defendants.

CIVIL ACTION NO.
1:25-cv-03949-SDG

## **INITIAL DISCLOSURES OF MMG MANAGEMENT, LLC**

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendant MMG Management, LLC ("MMG" or "Defendant"), hereby provides the following initial disclosures. Defendant reserves the right to amend these initial disclosures upon identifying additional information through the course of discovery.

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

Not applicable.

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant

contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

Not applicable.

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendants in the responsive pleading.

Defendant denies that Plaintiff Kinsale Insurance Company ("Kinsale") is entitled to declaratory judgment. Kinsale cannot establish it has fulfilled its obligations to defend and indemnify under the Primary or Excess policies (collectively the "Policies") that covered MMG as an additional insured in the underlying case. Kinsale knowingly and intentionally favored one insured over another and abandoned its obligations to MMG by failing to obtain a limited liability release for MMG, failing to collaborate and communicate with MMG in paying policy limits and otherwise abandoning its obligations to minimize damages and risk to MMG, Kinsale's insured.

As to Defendant MMG's Counterclaim against Kinsale, Defendant is entitled to a declaratory judgment against Kinsale obliging it to continue defending and indemnifying MMG as to the underlying suit pursuant to the Policies. Coverage was purchased via the premiums paid for the exact kind of loss incurred, which gave rise to the underlying lawsuit. No exclusions or limitations within the policy apply to this scenario. Furthermore, Kinsale failed to fulfill obligations owed to MMG pursuant to the Policies, failed to communicate and protect its insured, and intentionally negotiated a limited liability release in such a manner as to ensure continued exposure for its insured.

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendants contend are applicable to this action.

Georgia statutes and precedent pertaining to insurance coverage, contracts, and property ownership-management relationships. Furthermore, Defendant MMG specifically contends that the additional defenses set forth in Defendant MMG's Answer and Counterclaim are applicable to this action. Anderson v. United States Fid. & Guar. Co., 177 Ga. App. 520 (1986). Scruggs v. Int'l Indem Co., 233 Ga. App. 772 (1998).

(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

See Attachment A.

(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

Defendant has not yet determined which experts in this matter it intends to use at trial.

(7) Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

See Attachment C.

(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to (Initial Disclosures as Attachment D.)

Not applicable.

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

Not applicable.

(10) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

Not Applicable.

Respectfully submitted this 19th day of September 2025.

O'DANIEL McDONALD, LLC

/s/ Graham E. McDonald
Graham E. McDonald
Georgia Bar No. 843090
Clay S. O'Daniel
Georgia Bar No. 843070
Wesley A. Taylor
Georgia Bar No. 459004
9040 Roswell Road, Suite 500
Atlanta, GA 30350-3939
(404) 419-6300
(404) 419-6301 (fax)
gmcdonald@odmclaw.com
wtaylor@odmclaw.com

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served the Plaintiff's counsel of record with a copy of the within and foregoing INITIAL DISCLOSURES OF MMG MANAGEMENT, LLC using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Brandon R. Gossett
James M. Bauer
William J. Keegan
Fields Howell, LLP
665 8th Street NW
Atlanta, GA 30318
bgossett@fieldshowell.com
jbauer@fieldshowell.com
wkeegan@fieldshowell.com
*Attorneys for Plaintiff*

This 19th day of September 2025.

/s/ Graham E. McDonald
Graham E. McDonald

9040 Roswell Road, Suite 500
Atlanta, GA 30350
(404) 419-6300
(404) 419-6301 (fax)
gmcdonald@odmclaw.com

## Attachment A - Witness List

| NAME | ADDRESS | TELEPHONE NUMBER | SUBJECT |
|---|---|---|---|
| Sarah Zacharias | Kinsale Insurance Company Claim Dept. P.O. Box 17008 Richmond, VA 23226 | (804) 206-2291 | Knowledge of the settlement in the underlying lawsuit which failed to secure a limited liability release for MMG. |
| Brooke Isbell | Kinsale Insurance Company Claim Dept. P.O. Box 17008 Richmond, VA 23226 | (804) 206-2292 | Knowledge of the settlement in the underlying lawsuit which failed to secure a limited liability release for MMG. |
| Karl A. Moses, Jr. | Kinsale Insurance Company 2035 Maywill Street Suite 100 Richmond, VA 23230 | (804) 956-2334 | Knowledge of the settlement in the underlying lawsuit which failed to secure a limited liability release for MMG. |
| Chris Byrd | Weinberg Wheeler Hudgins Gunn & Dial, LLC 3344 Peachtree Rd. #2400 Atlanta, GA 30326 | (404) 832-9546 | Knowledge of the settlement in the underlying lawsuit which failed to secure a limited liability release for MMG. |
| James M. Bauer | Fields Howell, LLP 665 8th Street NW Atlanta, GA 30318 | (404) 214-1250 | Knowledge of the settlement in the underlying lawsuit |

| | | | which failed to secure a limited liability release for MMG. |
|---|---|---|---|
| William J. Keegan | Fields Howell, LLP 665 8th Street NW Atlanta, GA 30318 | (470) 851-9149 | Knowledge of the settlement in the underlying lawsuit which failed to secure a limited liability release for MMG. |
| Brandon R. Gossett | Fields Howell, LLP 665 8th Street NW Atlanta, GA 30318 | (470) 851-9149 | Knowledge of the settlement in the underlying lawsuit which failed to secure a limited liability release for MMG. |
| Brian C. Mickelsen | Mickelsen Dalton, LLC 25 Society Street Charleston, SC 29401 | (843) 804-0428 | Knowledge of the settlement in the underlying lawsuit which failed to secure a limited liability release for MMG. |
| Ethan D. Kim | W. Calvin Smith II, P.C. 3560 Lenox Road, N.E. Suite 3020 Atlanta, GA 30326 | (404) 842-0999 | Knowledge of the settlement in the underlying lawsuit which failed to secure a limited liability release for MMG. |
| Other individuals and representatives of Kinsale with knowledge of the negotiation of the settlement in the underlying lawsuit which failed to secure a release for MMG | Unknown | Unknown | To be determined through discovery. |

**Attachment C - Document List**

1.  The Primary Commercial Liability Policy No. 0100269194-0
2.  The Excess Commercial Liability Policy No. 0100255487-0
3.  The October 25, 2024 Acknowledgement of Claim and Reservation of Rights sent by Kinsale
4.  The demand acceptance letter from Fields Howell, LLP sent to the Plaintiff in the underlying lawsuit on May 9, 2025.
5.  Various emails discussing the inclusion or exclusion of MMG in the negotiation of settlement conditions.

All documents, data compilations and tangible things responsive to this requirement that are in the possession, custody or control of the Defendant are located at Defendant's offices and/or at the office of counsel for Defendant.