THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KINSALE INSURANCE COMPANY,<br><br>　　Plaintiff,<br><br>v.<br><br>MMG MANAGEMENT, LLC, SHENISHA MOORE, as Parent of D.B., a minor, and BETTY LESTER, As Administrator of the ESTATE OF DEMARIOUS BROWN<br><br>　　Defendants. | CIVIL ACTION NO.<br>1:25-cv-03949-SDG |

### MMG MANAGEMENT, LLC'S MOTION FOR LEAVE TO FILE UNDER SEAL

COMES NOW, Defendant MMG Management, LLC ( "MMG"), and in attempted conformity with Section II(J) of Appendix H to the Northern District of Georgia's Local Civil Rules and the Standing Order Regarding Civil Litigation of Judge Steven D. Grimberg, by and through its undersigned counsel, and respectfully submits MMG Management, LLC's Motion for Leave to File Under Seal with respect to the Answer of Defendant MMG Management, LLC to Plaintiff's Complaint for Declaratory Judgment and First Amended Counterclaim ("FAC") [Doc. 15] and states in support:

1

1. MMG filed its FAC [Doc. 15] on Friday, October 3, 2025. Exhibit 11 to the FAC [Doc. 15 pgs. 107-135] is a "Consent Petition for Compromise of Claims and Motion to Approve Settlement Documents" from the underlying action pending before the State Court of Gwinnett County (24-C-12140-S5), and which was subsequently sealed by the State Court of Gwinnet County on July 23, 2025. The FAC's [Doc. 15] Exhibit 11 was inadvertently not filed provisionally underseal by MMG on Friday, October 3, 2025.

2. MMG respectfully seeks to seal pages 107 through 135 of the FAC [Doc. 15], or, should this Court prefer, the entirety of FAC [Doc. 15] and requests that the Court enter the attached proposed order granting this motion and directing that the above-referenced pleadings be sealed.

3. To seal documents, a party must show good cause to do so under Rule 26(c), governing protective orders. Good cause exists where "[a] party's privacy or proprietary interest in information ... overcomes the interest of the public in accessing the information." Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting Chicago Tribune Co. v. Bridgestone/ Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001) (internal punctuation omitted)). That standard may be met when it "is established by the moving party [that] disclosure

will cause the party to suffer a clearly defined and serious injury." <u>Reid v. Viacom Int'l Inc.</u>, 2016 WL 4157208, at *2 (N.D. Ga. 2016), quoting <u>NXP B.V. v. Research In Motion, Ltd.</u>, 2013 WL 4402833, at *2 (M.D. Fla. 2013).

4. Further, pursuant to the Court's local rules, a movant seeking to file under seal must: "(i) identify, with specificity, the document(s) or portion(s) thereof for which sealing is requested; (ii) explain (for each document or group of documents) the reasons sealing is necessary; (iii) explain (for each document or group of documents) why less drastic alternatives than sealing will not provide adequate protection; and (iv) address the factors governing sealing of documents reflected in controlling case law." LR App. H, Ex. A, § II.J.2, N.D. Ga.

5. Here, MMG believes the Court's local rules, in balancing the public and private interests, support sealing Exhibit 11. The basis for sealing Exhibit 11 is the prior determination of the State Court of Gwinnett County in finding cause to seal the at-issue document. Although undersigned counsel was not involved in that decision, upon information and belief, the involvement of and reference to a minor was the basis for sealing the at-issue document. Based on that ruling and

the understood reasoning, MMG expects that no "less drastic alternatives" should be employed.

6. Undersigned counsel is contemporaneously contacting counsel for Plaintiff to seek consent for the instant filing but has elected to file the instant motion prior to receiving same to most efficiently attempt to remedy the above-referenced filing error.

This 6th day of October 2025.

                                              O'DANIEL McDONALD, LLC

                                              /s/ Graham E. McDonald
                                              Graham E. McDonald
                                              Georgia Bar No. 843090
                                              Wesley A. Taylor
                                              Georgia Bar No. 459004
                                              9040 Roswell Road, Suite 500
                                              Atlanta, GA 30350-3939
                                              (404) 419-6300
                                              (404) 419-6301 fax
                                              gmcdonald@odmclaw.com
                                              wtaylor@odmclaw.com

                                              *Attorneys for Defendant MMG Management, LLC*

## CERTIFICATION UNDER LR 7.1D

Pursuant to Northern District of Georgia Local Rule 7.1D, the undersigned counsel for Defendants hereby certifies that the foregoing document is prepared in Times New Roman, 14 point font, and is in accordance with L.R. 5.1C.

This 6th day of October 2025.

/s/ Graham E. McDonald
Graham E. McDonald

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served the Plaintiffs' counsel of record with a copy of the within and foregoing MMG MANAGEMENT, LLC'S MOTION FOR LEAVE TO FILE UNDER SEAL using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

James M. Bauer
Fields Howell LLP
665 8th Street NW
Atlanta, GA 30318
*Attorney for Kinsale Insurance Company*

Ethan D. Kim
W. Calvin Smith, II, P.C.
3560 Lenox Rd. NE Suite 3020
Atlanta, GA 30326
*Attorney for Betty Lester*

Brian C. Mickelsen
Mickelsen Dalton, LLC
25 Society St
Charleston, SC 29401

This 6th day of October 2025.

/s/ Graham E. McDonald
Graham E. McDonald

9040 Roswell Road, Suite 500
Atlanta, GA 30350
(404) 419-6300
(404) 419-6301 (fax)
gmcdonald@odmclaw.com

6