# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KINSALE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>MMG MANAGEMENT, LLC, SHENISHA MOORE, as Parent of D.B., a minor, and BETTY LESTER, as Administrator of the ESTATE OF DEMARIOUS BROWN,<br><br>    Defendants. | Civil Action No.:<br>1:25-cv-03949-SDG |

## KINSALE INSURANCE COMPANY'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Kinsale Insurance Company ("Kinsale"), pursuant to Fed. R. Civ. P. 56 and Local Rules 56.1 and 7.1, submits this Statement of Undisputed Material Facts in support of its Motion for Summary Judgment and Memorandum in Support, showing the Court as follows:

1. Kinsale issued Policy No. 0100269194-0, a commercial general liability policy, to Lotus Lake Group, LLC ("Lotus Lake"), for the period of November 12, 2023, to November 12, 2024 (the "Primary Policy"). (Decl. of William Keegan ¶ 3;

1

Compl. Ex. B [Dkt. No. 1-1, at 20-98].) The Primary Policy provides coverage subject to a $1 million each-occurrence limit. (Dkt. No. 1-1, at 21.)

2. The Primary Policy provides Kinsale's "right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements." (Dkt. No. 1-1, at 25.)

3. The Primary Policy includes an assault and battery exclusion which states:

> This insurance does not apply to any claim or 'suit' for 'bodily injury' [ ] arising out of, related to, or, in any way involving any actual or alleged assault, battery, harmful or offensive contact, or threat, whether provoked or unprovoked. This exclusion includes but is not limited to:
> 1. The prevention or suppression, or the failure to suppress or prevent any assault, battery, harmful or offensive contract, or threat;
> 2. The failure to provide an environment safe from any assault, battery, harmful or offensive contact, or threat, or the failure to warn of the dangers of the environment that could contribute to any assault, battery, harmful or offensive contact, or threat;
> 3. The selling, servicing or furnishing of alcoholic beverages resulting in any assault, battery, harmful or offensive contact, or threat;
> 4. Injury or damage committed while using reasonable force to protect persons or property or acting in self-defense;
> 5. The reporting or failing to report to the proper authorities;
> 6. Conducting or failing to conduct an investigation of any assault, battery, harmful or offensive contact, or threat;
> 7. Providing or failing to provide first aid or medical treatment, or otherwise handling or responding after there has been an assault, battery, harmful or offensive contact, or threat;

8. Any assault, battery, harmful or offensive contact, or threat whether caused by, or at the instigation, instruction, direction or due to the negligence of the insured, the insured's employees, agents, patrons, customers or any other person arising from any causes whatsoever; or;

9. The negligent hiring, employment, training, supervision, or retention of any employee or agent of any insured with respect to items 1. through 8. above.

This exclusion applies to any claim or 'suit' regardless of whether assault, battery, harmful or offensive contact, or threat is the initial precipitating cause or is in any way a cause, and regardless of whether any other actual or alleged cause contributed concurrently, proximately, or in any sequence, including whether any actual or alleged "bodily injury", "property damage" or "personal and advertising injury" arises out of a chain of events that includes any assault, battery, harmful or offensive conduct.

(Dkt. No. 1-1, at 63.)

4. Kinsale issued Policy No. 0100255487-0, a commercial excess liability policy to Lotus Lake, for the period of August 23, 2023 to July 11, 2024 (the "Excess Policy"). (Keegan Decl. ¶ 4; Compl. Ex. D [Dkt. No. 1-1, at 179-229].)

5. The Excess Policy provides Kinsale "will have no duty to investigate, defend or settle claims brough against you once the Limits of Insurance of this policy as stated in **Item 1** of the Declarations are exhausted , or if claims or suits brough against you are excluded from coverage under this Policy." (Dkt. No. 1-1, at 185.)

6. The Excess Policy includes an assault and battery exclusion, which provides:

3

This insurance does not apply to any claim or 'suit' for injury or damage arising out of, related to, or, in any way involving any actual or alleged assault, battery, harmful or offensive contact, or threat, whether provoked or unprovoked. This exclusion includes but is not limited to:

a. The prevention or suppression, or the failure to suppress or prevent any assault, battery, harmful or offensive contract, or threat;

b. The failure to provide an environment safe from any assault, battery, harmful or offensive contact, or threat, or the failure to warn of the dangers of the environment that could contribute to any assault, battery, harmful or offensive contact, or threat;

c. The selling, servicing or furnishing of alcoholic beverages resulting in any assault, battery, harmful or offensive contact, or threat;

d. Injury or damage committed while using reasonable force to protect persons or property or acting in self-defense;

e. The reporting or failing to report to the proper authorities;

f. Conducting or failing to conduct an investigation of any assault, battery, harmful or offensive contact, or threat;

g. Providing or failing to provide first aid or medical treatment, or otherwise handling or responding after there has been an assault, battery, harmful or offensive contact, or threat;

h. Any assault, battery, harmful or offensive contact, or threat whether caused by, or at the instigation, instruction, direction or due to the negligence of the insured, the insured's employees, agents, patrons, customers or any other person arising from any causes whatsoever; or

i. The negligent hiring, employment, training, supervision, or retention of any employee or agent of any insured with respect to items 1. through 8. above.

This exclusion applies regardless of fault or intent and regardless of the particular cause of action.

This exclusion applies to any claim or 'suit' regardless of whether assault, battery, harmful or offensive contact, or threat is the initial precipitating cause or is in any way a cause, and regardless of whether any other actual or alleged cause contributed concurrently,

4

proximately, or in any sequence, including whether any actual or alleged "bodily injury", "property damage" or "personal and advertising injury" arises out of a chain of events that includes any assault, battery, harmful or offensive conduct.

(Dkt. No. 1-1, at 224.)

7. The Excess Policy also includes an absolute firearms exclusion, which states:

> This insurance does not apply to any claim or suit arising directly or indirectly out of, related to, or in any way involving the use of any firearm.
>
> This exclusion applies to any claim or suit regardless of whether the use of a firearm is the initial precipitating cause or is in any way a cause of bodily injury, property damage, personal and advertising injury or any other injury or damage and regardless of whether any other actual or alleged cause contributed concurrently, proximately, or in any sequence, including whether any actual or alleged bodily injury, property damage, personal and advertising injury or other injury or damage, arises out of a chain of events that involves or includes the use of a firearm at any point.
>
> This exclusion applies regardless of intent and regardless of the particular cause of action asserted including, but not limited to, negligence or other wrongdoing in:
> 1. The prevention or suppression, or failure to prevent or suppress, any such act or incident;
> 2. The insured's actual or alleged negligent employment, supervision, hiring, training, or retention of any employee, independent contractor, or any other person or organization;
> 3. Reporting or failure to report to the proper authorities any act or incident involving the use of a firearm;
> 4. Conducting or failing to conduct an investigation or background check; or
> 5. Providing or failing to provide first aid or medical treatment for any injury arising out of the use of a firearm.

(Dkt. No. 1-1, at 222.)

8. On December 20, 2024, Shenisha Moore and Betty Lester filed a lawsuit against Lotus Lake and MMG Management, LLC ("MMG") in the State Court of Gwinnett County, Case No.: 24-C-12140-55 (the "*Moore* suit"). (Keegan Decl. ¶ 5; Compl. Ex. A [Dkt. No. 1-1, at 1-19].) The *Moore* suit arises out of an alleged July 14, 2023, incident in which Demarious Brown was involved in an altercation and shot (the "Incident") by a third-party assailant at The Grey Parc of Macon Apartments, an apartment complex owned by Lotus Lake and managed by MMG, (the "Property"). (Dkt. No. 1-1, at 4-5.) The *Moore* suit alleges that, based on the Incident, Lotus Lake and MMG were negligent in the ownership and management of the Property, that their management of the Property constituted a nuisance, and that they were liable for negligent security, hiring, training, entrustment, supervisions, and retention. (Dkt. No. 1-1, at 9-16.)

9. On October 25, 2024 (after Kinsale had been notified of the Incident but before the *Moore* suit was filed), Kinsale sent MMG a reservation of rights letter regarding the Incident. (Keegan Decl. ¶ 6.)

10. In response to the *Moore* suit, Kinsale issued a second reservation of rights letter to MMG, dated February 7, 2025, agree to provide a defense against the suit. (Keegan Decl. ¶ 7; Compl. Ex. E [Dkt. No. 1-1, at 245-60].)

11. On April 9, 2025, Ms. Moore and Ms. Lester sent a demand requesting $3,000,000, the combined limits of the Primary Policy and Excess Policy, in exchange for a limited liability release of Lotus Lake. (Keegan Decl. ¶ 8; Compl. Ex. F [Dkt. No. 1-1, at 261-64].)

12. On May 9, 2025, Kinsale accepted the demand, exhausting the limits of the Primary Policy and Excess Policy. (Keegan Decl. ¶ 9; Compl. Ex. H [Dkt. No. 1-1, at 265-67].)

13. On July 7, 2025, Kinsale notified MMG's defense counsel that Kinsale reached a settlement that exhausted the limits of insurance. This notification also indicated that when the settlement was finalized, Kinsale would provide MMG's carriers with 30 days from the settlement's finalization to pick up MMG's defense. (Keegan Decl. ¶ 10.)

14. On July 15, 2025, MMG, through counsel on a teleconference, threatened suit against Kinsale because of the Lotus Lake settlement. (Keegan Decl. ¶ 11.)

15. On September 5, 2025 Ms. Moore and Ms. Lester executed a limited liability release of Lotus Lake Group. (Keegan Decl. ¶ 12.)

16. On October 7, 2025, Kinsale tendered payment under the terms of that release, exhausting the limits of the Primary Policy and Excess Policy. (Keegan Decl. ¶ 13.)

17. On July 16, 2025, Kinsale filed this Declaratory Judgment Action. (*See generally* Compl., Dkt. No. 1.)

18. On October 3, 2025, MMG amended its answer, adding a "First Amended Counterclaim for Declaratory Relief and Bad Faith." (Def.'s Answer & Am. Countercl., Dkt. No. 24.)

19. No judgment has been entered against MMG in the *Moore* suit. (Keegan. Decl. ¶ 14.)

Respectfully submitted, this 12th day of January, 2026.

| | |
|---|---|
| **FIELDS HOWELL LLP** | */s/ Brandon R. Gossett* |
| 665 8th Street NW | Brandon R. Gossett |
| Atlanta, GA 30318 | Georgia Bar No. 120424 |
| (404) 214-1250 (Telephone) | James M. Bauer |
| bgossett@fieldshowell.com | Georgia Bar No. 460185 |
| jbauer@fieldshowell.com | William J. Keegan |
| wkeegan@fieldshowell.com | Georgia Bar No.: 278159 |
| | *Attorneys for Plaintiff Kinsale Insurance Company* |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KINSALE INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MMG MANAGEMENT, LLC, )<br>SHENISHA MOORE, as Parent of )<br>D.B., a minor, and BETTY LESTER, as )<br>Administrator of the ESTATE OF )<br>DEMARIOUS BROWN, )<br>)<br>Defendants. ) | Civil Action No.:<br>1:25-cv-03949-SDG |

**CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that the foregoing document has been prepared with a font and point selection (Book Antiqua, 13 point) that is approved by the Court as indicated in Local Rule 5.1(C) and 7.1(D).

Respectfully submitted this 12th day of January, 2026.

**FIELDS HOWELL LLP**
665 8th Street NW
Atlanta, GA 30318
(404) 214-1250 (Telephone)
bgossett@fieldshowell.com
jbauer@fieldshowell.com
wkeegan@fieldshowell.com

/s/ *Brandon R. Gossett*
Brandon R. Gossett
Georgia Bar No. 120424
James M. Bauer
Georgia Bar No. 460185
William J. Keegan
Georgia Bar No.: 278159

*Attorneys for Plaintiff Kinsale Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon counsel of record via email.

Respectfully submitted this 12th day of January, 2026.

| | |
|---|---|
| **FIELDS HOWELL LLP**<br>665 8th Street NW<br>Atlanta, GA 30318<br>(404) 214-1250 (Telephone)<br>bgossett@fieldshowell.com<br>jbauer@fieldshowell.com<br>wkeegan@fieldshowell.com | */s/ Brandon R. Gossett*<br>Brandon R. Gossett<br>Georgia Bar No. 120424<br>James M. Bauer<br>Georgia Bar No. 460185<br>William J. Keegan<br>Georgia Bar No.: 278159<br><br>*Attorneys for Plaintiff Kinsale Insurance Company* |