**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

KINSALE INSURANCE
COMPANY,

      Plaintiff,

v.

MMG MANAGEMENT, LLC,
SHENISHA MOORE, as Parent of
D.B., a minor, and BETTY LESTER,
as Administrator of the ESTATE OF
DEMARIOUS BROWN,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No.:
1:25-cv-03949-SDG

<u>**KINSALE INSURANCE COMPANY'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**</u>

Kinsale Insurance Company ("Kinsale") files this reply in support of its

Motion for Summary Judgment (Dkt. No. 25), showing the Court as follows:

**I.    INTRODUCTION**

In its response to Kinsale's Motion, MMG spends twenty-five pages airing

grievances in service of the argument that Kinsale—the insurer who agreed to

defend, and is still defending, MMG against the underlying *Moore* suit—has

somehow committed bad faith at every turn in handling that claim. All of that is

intended to obfuscate the obvious: MMG's claims fail based on long-standing,

well-settled Georgia law. None of that is (or at least should be) surprising to

MMG. The cases Kinsale cited in its initial brief *clearly* and *directly* refute MMG's arguments; MMG's response leaves unclear whether MMG even read that brief or any of the cases cited in it. In any event, Kinsale explains below why each of MMG's arguments fail as a matter of simple, straightforward Georgia law.

## II.   ARGUMENT

### A.   The assault-and-battery and firearms exclusions bar coverage.

*First*, MMG says the Policies' assault-and-battery and firearms exclusions do not bar coverage for the *Moore* suit because the *Moore* plaintiffs do not assert "intentional tort claims" but "instead theories of premises liability." (Dkt No. 34, at 17.) That's flatly wrong.

Georgia courts have repeatedly and expressly rejected MMG's exact argument, and Georgia law is clear these exclusions apply to negligence claims against a landowner who allegedly failed to prevent the attack. *First Specialty Ins. Corp. v. Flowers*, 284 Ga. App. 543, 545 (2007). Georgia courts have specifically held similar assault-and-battery exclusions bar coverage for each of the counts asserted in the *Moore* complaint. *E.g., Eady v. Capitol Indem. Corp.*, 232 Ga. App. 711, 713-14 (1998) (negligent security); *Capitol Specialty Ins. Corp. v. PTAV, Inc.*, 331 F. Supp. 3d 1329, 1335 (N.D. Ga. 2018) (nuisance); *Jefferson Ins. Co. of N.Y. v. Dunn*, 269 Ga. 213, 215 (1998) (negligent hiring, training, and supervision). The Excess Policy's firearms exclusion does the same. *See, e.g., Great Lakes Insurance*

*SE v. Habif Prop. LLC*, No. 5:20-cv-343, 2021 WL 2417156, *5 and n.6 (N.D. Ga. June 14, 2021).

MMG concedes all of this in principle: it correctly notes that the "term 'arising out of' in an exclusion generally requires a 'but for' causation," and it admits "the tragic shooting of Mr. Brown certainly would not have occurred without the use of a firearm or an assault/battery." (Dkt. No. 34, at 17.) From there, though, MMG somehow concludes that the "genesis" of the underlying claims "is not the use of a firearm or an alleged assault/battery," but instead MMG's own negligence in failing to prevent it. (Dkt No. 34, at 17.) That simply isn't supported by the facts or Georgia law, which makes clear that a claim for a party's negligent failure to prevent an assault is a claim that "arises out of" that assault. Here, there would be no claim against MMG if the shooting had not occurred; accordingly, regardless of the precise tort theory asserted against MMG, the exclusions bar coverage. *See Hays v. Ga. Farm Bureau Mut. Ins. Co.*, 314 Ga. App. 110, 114 (2012).

MMG's other arguments offer no other support. The Eleventh Circuit's opinion in *Medmarc Casualty Insurance* — which MMG says "addressed the scope" of and limited the exclusions at issue — did not involve claims or policy language anything like those here. *Medmarc Cas. Ins. Co. v. Fellows Labriola LLP*, No. 25-10837, 2025 WL 2886733 (11th Cir. Oct. 10, 2025). *Medmarc* held a conflict-of-

interest claim against a law firm was not barred by a misappropriation-of-funds exclusion. *Id.* at *3. Perhaps most important, that exclusion did not include (and the Eleventh Circuit therefore did not examine) the phrase "arising out of," which is the operative phrase here. *Id.* Neither *Medmarc* nor any other Georgia cases support MMG's contention that there is any "ambiguity" here or that the exclusions have an "unlimited reach;" instead, Georgia law is well-settled that these exclusions are unambiguous and apply to the specific facts alleged in the *Moore* suit. *See, e.g., Colony Ins. Co. v. Henry Props., Inc.*, No. 1:21-CV-4600-TWT, 2022 WL 2668377, at *3 (N.D. Ga. July 11, 2022).

B.      **Kinsale has not waived the right to rely on these exclusions.**

Perhaps understanding that those exclusions bar coverage, MMG also argues Kinsale has waived the right to rely on them. In doing so, MMG appears to conflate two arguments: first, it says "Kinsale has waived its ability to *deny coverage*" based on those two exclusions, second, it argues Kinsale has waived its right to raise those exclusions as defenses *in this litigation*. (*See* Dkt. No. 34, at 14 (emphasis added).) Neither argument is tenable.

*First*, Kinsale has not waived its right to deny coverage based on these exclusions, either before filing this action or via anything it has done since. It is undisputed that Kinsale is defending MMG under a reservation of rights, include a specific, express reservation of rights based on the exclusions discussed above.

(SMF ¶¶ 9, 10.) That alone precludes any waiver argument: under Georgia law, the only exception to the general rule that coverage cannot be created through waiver is where an insurer "*without reserving its rights*, assumes the defense of" its insured despite knowledge of a coverage issue. *World Harvest Church, Inc. v. GuideOne Mut. Ins. Co.*, 287 Ga. 149, 152 (2010) (emphasis added). By reserving rights, Kinsale has preserved its right to deny coverage based on these exclusions; neither settling on behalf of Lotus Lake nor filing this declaratory judgment action change that.

Second, and separately, Kinsale is entitled to raise these exclusions in this litigation. The pleadings include both the exclusions themselves and the predicate facts supporting their application. (*See, e.g.,* Dkt. No. 1 ¶¶ 18, 19, 27; Dkt. No. 1, Exs. A, E, and F.) Kinsale's answer to MMG's Amended Counterclaim expressly raises a defense based on those exclusions. (Dkt. No. 18, at 18-22.) Kinsale seeks summary judgment on its own affirmative claims *and* against MMG's Amended Counterclaim. (Dkt. No. 25, at 1.) The idea that Kinsale is nonetheless barred from raising these exclusions as bases for summary judgment is not supported by the law or the facts.

### C.    Kinsale is not estopped from denying coverage to MMG.

Separate from its argument that Kinsale has waived the right to rely on the exclusions discussed above, MMG also argues Kinsale is estopped from denying

5

coverage based on exhaustion of the Policies.[1] (Dkt. No. 34, at 17-19.) Once again, MMG ignores plain Georgia law.

As with waiver, the rule in Georgia is that coverage cannot be created through estoppel. *Wilder v. Jefferson Ins. Co. of New York*, 252 Ga. App. 563, 567 (2001). In other words, "estoppel cannot be used to 'make a new contract, or to radically change the terms of the policy so as to cover additional subject-matter, or causes of loss, or causes of loss expressly excluded from the coverage of the policy." *Bouboulis v. Scottsdale Ins. Co.*, 860 F. Supp. 2d 1364, 1379 (N.D. Ga. 2012) (quoting *Am. Interstate Ins. Co. v. Smith*, 537 F. Supp. 2d 1378, 1382 (S.D. Ga. 2008)). "Accordingly, estoppel and waiver may not be asserted against coverage defenses, because to do so would expand the scope of the contracted-for insurance coverage." *SavaSeniorCare, LLC v. Beazley Ins. Co.*, 309 F.R.D. 692, 698 (N.D. Ga. 2015) (cleaned up).

The one exception to this rule (which MMG notes) is where an insurer defends a claim *without* a reservation of rights: "where an insurer does not unambiguously reserve its rights, uncovered claims may be subject to the

---

[1] It is unclear whether MMG also is arguing Kinsale is estoped from relying on those exclusions, but Kinsale notes its reservation of rights letters preclude an estoppel theory as well. *See World Harvest Church*, 287 Ga. at 152 ("The insurer can avoid estoppel by giving timely notice of its reservation of rights which fairly informs the insured of the insurer's position.")

doctrine of waiver or estoppel if the insurer assumes the defense of an action or continues such defense with knowledge that a claim is not covered." *Facility Invs., LP v. Homeland Ins. Co. of New York,* 321 Ga. App. 103, 108 (2013). MMG does not argue the Kinsale defended it without a reservation of rights, and MMG does not articulate any theory of estoppel other than this no-reservation-of-rights theory. (*See* Dkt. No. 34, at 18.)

The only real argument MMG makes on this issue is that Kinsale's reservation of rights letters did not "alert[] MMG of the possibility that Kinsale may pay its policy limits" to settle a claim against Lotus Lake. (Dkt. No. 34, at 18.) That argument is wrong, both on the undisputed facts and the law. Both of Kinsale's reservation of rights letters identified the specific coverage defenses at issue, including the exclusions discussed above and the applicable limits of liability of both policies. (Dkt. No. 1-1, at 231-60.) Both recommended MMG request coverage from its own insurers. (Dkt. No. 1-1, at 231-60.) And Kinsale's second reservation of rights letter concluded by stating:

> Nothing in this letter, or Kinsale's continuing evaluation of this matter, or actual or possible payment(s) of any portion of any future claim, claim expenses, or defense costs shall constitute a waiver or estoppel of Kinsale's right to rely upon any of the terms, conditions, or exclusions in the Policies.

(Dkt. No. 1-1, at 259.[2])

That reservation is more than sufficient under Georgia law. To be effective, a reservation of rights letter must inform "the insured that, notwithstanding [the insurer's] defense of the action, it disclaims liability and does not waive the defenses available to it against the insured." *World Harvest Church*, 287 Ga. at 152. It also "should inform the insured of the specific basis for the insurer's reservation of coverage." *Wellons, Inc. v. Lexington Ins. Co.*, 566 F. App'x 813, 821 (11th Cir. 2014). Kinsale's reservation of rights letters do both, and MMG offers no support for the argument that Kinsale's specific reservations are ineffective under Georgia law.[3]

Finally, MMG's attempts to distinguish the long line of cases supporting an insurer's right to settle do nothing to help MMG's arguments. As discussed in Kinsale's initial brief:

> Georgia law gives liability insurers broad latitude to
> settle claims on behalf of their insureds and, faced with
> multiple competing claims, to pick and choose which

---

[2] Kinsale's first reservation of rights letter contained substantially the same language. (Dkt. No. 1-1, at 243.)

[3] The only case MMG cites as specific support for estoppel here is the Georgia Supreme Court's decision in *Prescott's Altama Datsun, Inc. v. Monarch Insurance Co. of Ohio*. 253 Ga. 317, 318 (1984). That decision involved far different facts: an insurer appointed defense counsel for its insured, who filed a notice of appearance on the insured's behalf, all before the insurer issued any reservation of rights. *Id.* at 317. The court held there was no waiver or estoppel anyway. *Id.* at 318. It is a mystery how MMG thinks that case supports its argument here.

8

> claims to settle, even if such settlement exhausts the available limits of insurance and consequently exposes an insured to additional claims.

(Dkt. No. 25, at 13.) MMG seems to think it can erase that authority merely by alleging that Kinsale settled claims in bad faith.[4] (*See* Dkt. No. 34, at 19.) But, once again, MMG gets the law wrong. The clearest illustration is this Court's decision in *Allied Property & Casualty Insurance Co. v. Bed Bath & Beyond, Inc.*; in that case, the Court concluded:

> Georgia law does not prohibit an insurer from discharging its duty to defend, pursuant to the policy terms, even if additional insureds continue to face liability. Consequently, if [the insurers] indeed "used up the applicable limit of insurance in the payment of judgments or settlements," their duty to defend is discharged.

*Allied Prop. & Cas. Ins. Co. v. Bed Bath & Beyond, Inc.*, No. 1:12-CV-01265-RWS, 2014 WL 1292456, at *9 (N.D. Ga. Mar. 31, 2014). The fact that the additional insured contested the insurers' decision to settle did not change things; that's unsurprising, because the only reason the case law articulating this rule exists in the first place is because of insureds unhappy with their insurers' decisions to

---

[4] Further, as discussed below, MMG cannot simply repeat the words "bad faith" over and over to cure the defects in its claims; Georgia law is clear that insurer bad faith comprises two specific theories of recovery, neither of which is warranted here.

settle claims. The same result holds here: because Kinsale has exhausted the limits of its Policies, Kinsale has no further duties under those Policies.

### D.   MMG's bad-faith claim is subject to summary judgment.

MMG's defense of its bad-faith claim is long on grievance but woefully short on actual support. Most of MMG's problems flow from a fundamental misunderstanding of how bad-faith law works in Georgia, and the rest come from outright misrepresentations of Georgia case law.

Initially, and as discussed in Kinsale's initial brief: there are two types of insurer bad faith under Georgia law. The first is a statutory action under O.C.G.A. § 33-4-6, which MMG concedes it is not pursuing and which generally is "the exclusive remedy for an insurer's bad faith refusal to pay insurance proceeds." *Thompson v. Homesite Ins. Co. of GA*, 345 Ga. App. 183, 188 (2018). The second is a common-law count for bad-faith failure to settle a third-party claim against the insured. *See S. Gen. Ins. Co. v. Holt*, 262 Ga. 267, 268-69 (1992). MMG appears to make two arguments: (1) that it can maintain the latter action without an excess judgment; and (2) that it can pursue common-law bad-faith theories *other* than a failure-to-settle claim. Neither argument is tenable.

*First*, MMG says "Kinsale's categorical 'excess judgment' rule is not Georgia law." (Dkt. No. 34, at 24.) The Georgia Supreme Court likely would disagree, since it has answered this exact question in Kinsale's favor. In *Trinity*

*Outdoor, LLC v. Central Mutual Insurance Co.*, this Court certified two questions to

the Georgia Supreme Court:

> The first certified question asks whether an action for
> negligent or bad faith failure to settle a case requires
> that a judgment be entered against an insured in excess
> of the policy limits before the action can be asserted.
> The second certified question then queries, if a
> judgment in excess of policy limits is not required, what
> must a plaintiff show to prove negligent or bad faith
> failure to settle, and what damages are recoverable.

*Trinity Outdoor, LLC v. Cent. Mut. Ins. Co.*, 285 Ga. 583, 583 (2009). The Georgia

Supreme Court answered the first question "yes." *Id.* It therefore declined to

even reach the second question—i.e., it saw no need to engage in the analysis

MMG invites regarding other supposed damages. *Id.*

MMG does not even attempt to distinguish *Trinity Outdoor*. Instead, it

points to several other cases that it says support its argument an excess judgment

is not required. That introduces two new problems: one, those cases don't

actually say what MMG suggests; and two, even if they did, *Trinity Outdoor*

would control over them.

MMG says that *Leader National Insurance Co. v. Kemp & Son, Inc.* and *Atlanta

Casualty Insurance Co. v. Gardenhire* recognize some broader theory of "bad-faith

damages," but neither of those cases involved bad-faith failure to settle; both

were cases examining the damages from an insurer's *breach of contract* by failing

to defend its insured. *Leader Nat'l Ins. Co. v. Kemp & Son, Inc.*, 259 Ga. 329, 331

11

(1989); *Atlanta Cas. Ins. Co. v. Gardenhire*, 248 Ga. App. 42, 44 (2001). And both cases evaluated those damages *following* an excess judgment against the insured after the insurer refused to defend. *Id.* Neither case says anything about a failure-to-settle claim at all, much less that one could exist without an excess judgment. Given that, and since it is undisputed that Kinsale has provided MMG with a defense, those cases are inapposite.

MMG also relies on *Southern General Insurance Co. v. Holt*, which held that an insurer could be liable for bad-faith failure to settle after the insurer rejected a settlement offer within limits and the lawsuit ended in a judgment nearly six times those limits. *Holt*, 262 Ga. at 268-69. *Holt* does not hold, explicitly or impliedly, that an excess judgment is not required; that was part of the uncertainty that led this Court to certify the question in *Trinity Outdoor* in the first place. *Holt* therefore offers MMG no support either.

Finally, MMG relies on the Eleventh Circuit's opinion in *American Guarantee & Liability Insurance Co. v. Liberty Surplus Insurance Corp,* for the proposition that "Georgia law does not require an excess judgment in this case." *Am. Guar. & Liab. Ins. Co. v. Liberty Surplus Ins. Corp,* 835 F. App'x 447, 459 (2020)). That case is inapposite.

*American Guarantee* was a failure-to-settle action between a primary carrier and an excess carrier, in which the primary carrier failed to settle a claim within

its $1 million policy limits, the underlying action ended in a $72.96 million verdict against the insured, and the parties ultimately settled post-trial for $15 million. *Id.* at 449. The insured maintained $32 million in excess coverage on top of its $1 million primary limit; in other words, the ultimate settlement exceeded the primary limit but not the insured's total limits. *Id.* at 458. The first excess carrier sued the primary carrier to recover the portion of the settlement it paid above that $1 million primary limit. *Id.* at 449.

The primary carrier argued it could not be liable for failure to settle absent a judgment exceeding the insured's *total* limits of $33 million. *Id.* at 459. The Eleventh Circuit rejected that argument. *Id.* But that is not the argument Kinsale is making: in *American Guarantee*, the party asserting the failure-to-settle claim *had* been impacted by a final judgment and settlement that exceeded the limits of the carrier who purportedly failed to settle. Here, no obligation to pay anything in excess of Kinsale's limits has been imposed on MMG; any risk of such an obligation remains contingent. *That* is the problem with MMG's failure-to-settle claim, and *American Guarantee* does nothing to help MMG solve it.

*Second*, MMG offers no meaningful support for its argument that it can pursue common-law bad-faith theories outside a failure-to-settle claim. It says "Georgia decisions recognize that bad faith can arise from an insurer's unreasonable claim-handling conduct more broadly." (Dkt. No. 34, at 23-24.)

13

MMG cites just two cases for that point, but neither one says anything at all about common-law bad faith; both are cases involving statutory bad-faith claims. *Liberty Mut. Ins. Co. v. Atlantic Coast Line R.R. Co.*, 19 S.E.2d 377, 382 (Ga. App. 1942); *Reserve Life Ins. Co. v. Ayers*, 217 Ga. 206, 212 (1961). Those cases come nowhere close to suggesting MMG can manufacture other sorts of bad-faith claims based on its complaints about Kinsale's claims handling; this Court, for its part, has previously rejected similar efforts by insureds. *See Javits v. State Farm Fire & Cas. Co.*, No. 1:13-CV-487-WSD, 2014 WL 4230069, at *11-13 (N.D. Ga. Aug. 26, 2014).

Given that, MMG's bad-faith count is subject to summary judgment, even setting aside the lack of coverage discussed above.

### E.      Summary judgment is not premature.

Finally, the Court can and should award summary judgment now. Further discovery will not fix the defects outlined above and will not otherwise change the merits of MMG's claims and defenses. Whether the exclusions discussed above apply turns on two things: the underlying *Moore* complaint and the Policies themselves. *Northfield Ins. Co. v. Northbrook Indus., Inc.*, 749 F. Supp. 3d 1325, 1332 (N.D. Ga. 2024). Whether Kinsale's exhaustion of the Policies' limits bars coverage turns on the language of those Policies and the fact of the Lotus Lake settlement, which MMG does not dispute. (*See* Dkt. No. 34, at 7.) MMG's

14

waiver and estoppel defenses turn on Kinsale's reservation of rights letters. *World Harvest Church*, 287 Ga. at 152. And without an excess judgment, MMG cannot prove a bad-faith failure-to-settle claim. *Trinity Outdoor, LLC v. Cent. Mut. Ins. Co.*, 285 Ga. 583, 583 (2009). All of those materials (to the extent they exist) are already in the record. The other discovery MMG claims it needs is beside the point. MMG can argue all it wants with Kinsale's decision-making, but for the reasons above MMG cannot articulate a legal framework under which the further discovery it says it needs would be relevant or would offer MMG any support. As a result, there is no need to defer ruling on Kinsale's Motion.

## III.   CONCLUSION

For the reasons above, Kinsale again respectfully requests this Court grant summary judgment in Kinsale's favor and against MMG's Amended Counterclaim.

Respectfully submitted this 27th day of February, 2026.

FIELDS HOWELL LLP
665 8th Street NW
Atlanta, GA 30318
(404) 214-1250 (Telephone)
(404) 214-1251 (Fax)
bgossett@fieldshowell.com
jbauer@fieldshowell.com
wkeegan@fieldshowell.com

*/s/ Brandon R. Gossett*
Brandon R. Gossett
Georgia Bar No. 120424
James M. Bauer
Georgia Bar No. 460185
William J. Keegan
Georgia Bar No.: 278159

*Counsel for Plaintiff Kinsale Insurance Company*

15

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| KINSALE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MMG MANAGEMENT, LLC, | ) | Civil Action No.: |
| SHENISHA MOORE, as Parent of | ) | 1:25-cv-03949-SDG |
| D.B., a minor, and BETTY LESTER, as | ) | |
| Administrator of the ESTATE OF | ) | |
| DEMARIOUS BROWN, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that the foregoing document has been prepared with a font and point selection (Book Antiqua, 13 point) that is approved by the Court as indicated in Local Rule 5.1(C) and 7.1(D).

Respectfully submitted this 27th day of February, 2026.

| | |
|---|---|
| **FIELDS HOWELL LLP** | /s/ Brandon R. Gossett |
| 665 8th Street NW | Brandon R. Gossett |
| Atlanta, GA 30318 | Georgia Bar No. 120424 |
| (404) 214-1250 (Telephone) | James M. Bauer |
| (404) 214-1251 (Fax) | Georgia Bar No. 460185 |
| bgossett@fieldshowell.com | William J. Keegan |
| jbauer@fieldshowell.com | Georgia Bar No.: 278159 |
| wkeegan@fieldshowell.com | |
| | *Counsel for Plaintiff Kinsale Insurance Company* |

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has

been served upon counsel of record via CM/ECF and via email.

Respectfully submitted this 27th day of February, 2026.

| | |
|---|---|
| **FIELDS HOWELL LLP** | */s/ Brandon R. Gossett* |
| 665 8th Street NW | Brandon R. Gossett |
| Atlanta, GA 30318 | Georgia Bar No. 120424 |
| (404) 214-1250 (Telephone) | James M. Bauer |
| (404) 214-1251 (Fax) | Georgia Bar No. 460185 |
| bgossett@fieldshowell.com | William J. Keegan |
| jbauer@fieldshowell.com | Georgia Bar No.: 278159 |
| wkeegan@fieldshowell.com | *Counsel for Plaintiff Kinsale Insurance Company* |

17